(92 N. W. Rep. 805.)

---

RED RIVER VALLEY NATIONAL BANK OF FARGO *vs.* JOHN MONSON.

---

**Evidence—Objection Properly Sustained.**

On the trial of an action which involved the issue whether a promissory note was given for a valuable consideration, or was given as an accommodation note, it became a material question as to what transpired between the parties at the time the note was executed and an arrangement made, under which certain notes

endorsed by Fuller & Co., and deposited with the bank as collateral security, were turned over to a collection agency for collection. While testifying on that issue, the following question was asked a witness for the plaintiff, and an objection thereto sustained, viz: "Did the bank exercise any ownership over those notes?" *Held*, that the objection was properly sustained, as it called for a conclusion, and not for a fact.

**Objection Overruled—Held Error.**

Questions were propounded to the defendant as to whether he had ever received these notes, or proceeds of these notes, or had anything to do with them, and an objection thereto overruled. *Held* not error.

**Harmless Error.**

*Held*, further, that error cannot be predicated on a ruling sustaining an objection to a question when the answer called for is thereafter fully given by the witness.

**Verdict Sustained by Evidence.**

The evidence is considered, and it is *held* that the verdict was sustained by competent evidence.

Appeal from District Court, Cass County; *Pollock*, J.

Action by the Red River Valley National Bank of Fargo against John Monson. Judgment for defendant, and plaintiff appeals. Affirmed.

*David R. Pierce* and *Newton & Smith,* for appellant.

*Newman, Spalding & Stambaugh,* for respondent.

MORGAN, J. This action is brought to recover a judgment on a promissory note executed by the defendant as administrator to the plaintiff bank on November 28, 1899, for the sum of $213.64. The answer admits the execution of the note, but alleges that the same was given as an accommodation note, and was without consideration, and in the answer the following facts are pleaded: That in 1893 one Charles M. Fuller died testate, and in his will nominated the defendant as his executor, and he was duly appointed as such by the county court of Cass county; that at the time of his death said Fuller was indebted to the plaintiff bank on a promissory note given by him to said bank, and that such note was held and owned by said bank on November 28, 1899; that on said day the plaintiff requested the defendant, as such executor, to execute to it a promissory note for the amount due it from the estate of the said Fuller for the purpose of enabling the plaintiff to carry said claim, so that it would not appear upon its books and statements to be overdue. The case was tried before a jury. The verdict rendered was in favor of the defendant. A motion for a new trial was made, based on a notice of intention, a statement of the case settled, and the motion for a new trial denied. Judgment was entered on the verdict, from which this appeal has been taken.

The specifications of error relate to rulings on the admission and

rejection of evidence, and to the insufficiency of the evidence to sustain the verdict. A summary of the evidence must now be given, as produced at the trial. In 1893 the firm of C. M. Fuller & Co. was indebted to the plaintiff by reason of having received credit at the bank on notes of third parties, indorsed by the firm, and deposited with the bank as collaterals to the credits. In 1893 Fuller died, and the other member of the firm thereafter became insolvent. The plaintiff was appointed executor of Fuller's estate, and as such had charge of the estate, and the same was administered in the county court. The fact that he was appointed executor and signed the note as administrator is unexplained, but entirely immaterial. In 1897 negotiations were had between the bank and this defendant in reference to the Fuller & Co. indebtedness to the bank on account of advances made by the bank on the notes left with it as collateral. These negotiations resulted in the giving of a note signed by Mr. Monson as administrator, and by Mr. Gaard, who was the surviving member of the firm of Fuller & Co. This note was given in 1897, and was renewed on November 28, 1899, by the giving of the note in suit, by Monson, as administrator. What transpired between the bank and Mr. Monson at the time of the giving of the note by Monson and Gaard is in conflict, and upon that transaction and the subsequent conduct of the parties depends the sufficiency or insufficiency of the evidence to justify the verdict.

It is claimed by the bank that the evidence shows that when the original note signed by defendant and Gaard was given the bank turned over to the defendant all the discounted notes and collateral notes held by it through transactions with Fuller & Co., and that the bank thereafter had no interest in the same except as collection agents for Monson. By Monson it is claimed: "Mr. R. S. Lewis came to me in the store, and he says: 'What are you going to do about those Fuller notes?' 'Well,' I told him, 'I don't know as I can do anything; they had the notes, and they ought to try to collect them.' 'Well,' he says, 'we ought to make some arrangement so that we would not have to carry that overdue paper.' I says, 'What arrangement can be made?' He says, 'You and Mr. Gaard had better give your note for it, so that we have something to show the bank examiner when he comes around, so there will be no overdue paper.' That was the first statement made. We gave the note,—it was not given there in the store. We went to the bank, and signed the note they made. We renewed the note from time to time, and it was finally separated. R. S. Lewis was at the time, I think, cashier of the bank. There was not at that time, nor has there been since, any agreement that the bank should not present this claim against the estate of Mr. Fuller for payment." This testimony is not directly contradicted, except to the extent that Mr. Lewis was not at that time the cashier of the bank. Mr. Lewis was not a witness at the trial. Mr. Monson further testified that the notes were never turned over to him, and that he never had pos-

session of them, never saw them, and never received any of the proceeds of the notes, nor had anything to do with them; that he signed a receipt for those notes at the request of the bank, relying on their statements that it was necessary for him to do so to show his consent when they were turned over to the Standard Trust Company by the bank, for collection; that he did not understand that he ever assumed the debts of Fuller & Co. to the bank if the estate did not have money enough to pay it. There is testimony in the record directly contradicting this testimony of Monson. At the suggestion of the bank, and with the consent of Monson, these notes that had been discounted to the bank and indorsed by Monson & Co., and also the collateral notes, were turned over to the Standard Trust Company to be collected by it. The Standard Trust Company gave a receipt for the notes, reading as follows: "Received of John Monson, adm., from the hands of Red River Valley Nat. Bank, the notes listed below, for collection." As stated above, the giving of this receipt was explained, and Monson's version of the giving of it given at the trial. These disputed questions of fact were submitted to the jury under all the evidence, and they were directed to determine therefrom what the facts were in truth, and whether Mr. Monson gave the notes in suit as an accommodation to the bank, or whether it was for a consideration passing between him personally or as administrator and the bank. The testimony being in conflict on this issue, and having been submitted to the jury, and the jury having found for the defendant, we are convinced. that the verdict must stand as amply sustained by competent testimony. We see no reason for disturbing the verdict on the ground of insufficient evidence.

We will now consider the assignments of error based on rulings upon the admission of testimony offered at the trial. Counsel for plaintiff asked Mr. Von Neida, president of the bank: "And from the time they were so turned over the bank had no further interest in these notes, did it?" The question was objected to for the reason that the paper shows for itself, and it calls for a conclusion. The objection was sustained. Immediately thereafter the witness testified as follows: "These notes enumerated in this receipt were embraced in those turned over to Mr. Monson at the time when he and Gaard gave the original note to the bank, and from the time when they were so turned over the bank ceased to have any interest in them, except as it sought to collect them for Mr. Monson." This was a complete answer to the question. Hence, if it had been an erroneous ruling, it would not have been prejudicial, as the evidence called for was placed before the jury.

The court sustained an objection to the following question: "Did the bank exercise any ownership over these notes?" The ground of the objection was that the question called for a conclusion, not a fact. The objection was well grounded. What are acts of ownership and what are not are more conclusions of law than questions

of fact. It might well be that the witness would be sincere in stating that he had exercised no acts of ownership over the notes, when the jury, under proper instructions, might come to a different conclusion. The question called for an answer that involved the mere conclusion of the witness, and did not call for any fact. The question comes within the reasoning of *Olson* v. *O'Connor,* 9 N. D. 504, 84 N. W. Rep. 359, 81 Am. St. Rep. 595, and *Tetrault* v. *O'Connor,* 8 N. D. 15, 76 N. W. Rep. 225. In the former case this court said: "This case it not to be confounded with those where the answer of a witness does in fact involve the expression of an opinion or his conclusion or legal inferences. In such cases the objection urged would be good. * * * And the test always is whether the answer (question) calls for an opinion or a fact. The peculiar facts of each case must determine the rule to be applied."

The next assignments are based on plaintiff's objection to a question, and on its motion to strike out certain evidence, given by the defendant, which may be considered together, as involving the same point. The question was: "Did you ever receive any of the notes themselves, either from the bank, or from the Standard Trust Company, or from Mr. Jones?" The witness had previously stated that he never received any of the proceeds of the notes, and the motion was made to strike out such testimony. The objection to the question was that it was incompetent, irrelevant, and immaterial, and that the paper shows for itself that the Standard Trust Company receipted to Mr. Monson himself for the notes. In overruling the motion and objection there was no error. The defendant had explained under what circumstances the Standard Trust Company had receipted to him for the notes, and the paper being a receipt only, it was proper to allow an explanation in regard to it. The issue in the case was whether the defendant received any consideration on the note in suit. If he had received any consideration, he could not defeat recovery on the note. The question called for a fact material to the issue, and an answer was properly allowed. The answer was not necessarily conclusive of his liability, but had a bearing thereon. He might be liable on the note, although he had never received any of the notes or proceeds, as the question of liability might rest wholly on what transpired when the note was signed.

Finally, it is urged that error was committed when the court allowed the following question to be answered by the defendant, "Did you ever have anything to do with them?" referring to the collateral notes. The objection was made in the same language as that to the question last disposed of, and what is said on that assignment disposes of this one. The question called for an answer to a fact bearing on a material issue, and no error was committed in permitting the answer. This disposes of all the assignments urged.

The judgment is affirmed. All concur.