## O. C. LUCIA v. M. J. MEECH.

### January Term, 1896.

*Evidence.  Reputation of defendant for prudence.  Charge of court.  Pleading.*

1.  The evidence of the plaintiff tended to show that the defendant had taken his horse to pasture without any special contract as to risk, and that the horse had escaped through a defect in the fence, at a particular point, and been killed. *Held*, that evidence that the condition of the fence around other parts of the pasture was good, that the defendant was reported to be a prudent agister of horses and was intrusted with many valuable horses to pasture, and that, in particular instances, she had refused to assume the risk, as tending to show such a general custom on her part, was inadmissible.

2. A request to charge need not be complied with unless warranted by the evidence.

3. There being no evidence that the plaintiff had any knowledge of the defect in the fence complained of, the court properly refused to instruct the jury that he could not recover if he allowed his horse to remain in the pasture with knowledge of such defect.

4. Nor need the court instruct the jury that the plaintiff cannot recover unless the defect was the proximate cause of the damage when it is not claimed that there was any other intervening cause.

5. An allegation that the defendant was negligent in certain particulars "so that" the damage accrued is equivalent to "by reason whereof," and sufficient on motion in arrest.

Case. Plea, the general issue. Trial by jury at the September term, 1895, Chittenden county, TAFT, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The plaintiff's testimony tended to show that he hired the defendant to pasture his horse for the season, that the horse while in the defendant's pasture escaped through the fence, which was defective at a particular point, into an adjoining meadow and thence onto the railroad track, where it was killed, there being no fence between the meadow and the railroad track. The defendant claimed that at the time she took the horse to pasture it was agreed between her and the plaintiff that she was to assume no risk, but the plaintiff denied this and testified that no arrangement in that respect was made.

The defendant offered testimony tending to show that she had kept horses of very great value for men who were familiar with the way in which horses ought to be kept, and that prudent men in the vicinity regarded her pasture as a reasonably safe one; that it was her rule not to take risks, and that this rule had been applied in several particular instances; that the fences around her pasture were in good condition and compared favorably with other fences in the

vicinity. The foregoing testimony was excluded and the defendant excepted.

The second, third and fourth requests of the defendant were as follows:

"2. If the jury find that by the contract between the parties the horse was to be pastured in the lot in which it was placed, and that at the time the horse was turned into the lot, the plaintiff was acquainted with condition and quality of the fence, he cannot recover in this action.

"3. Or if the jury find that after the horse was placed in the defendant's pasture, and before it escaped, the plaintiff became acquainted with the condition of the fence, and voluntarily permitted the horse to remain there, without complaint or objection, he cannot recover in this action.

"4. If the jury find the defect, if any, in defendant's fence, was not the proximate cause of the injury to the plaintiff's horse, no recovery can be had by plaintiff in this action, even though the jury should find that the defendant's fence at the point of escape was insufficient." .

The court declined to charge in accordance with these requests and the defendant excepted.

The cross-examination of the plaintiff had developed the fact that he had frequently been to the pasture while his horse was there and had seen one or two defects in the fence at other points, but there was no evidence tending to show that he had any knowledge of the particular defect in question.

*C. M. Wilds* and *E. R. Hard* for the defendant.

The defendant should have been permitted to show the measure of care exercised by other prudent persons in the vicinity, for that was the measure of her own liability. Deer. Neg., ss. 1, 7.

The court should have complied with the second request of the defendant. *Eastman* v. *Patterson*, 38 Vt. 146; *Knowles* v. *A. & C. R. R. Co.*, 38 Me. 55; *Vaughan* v. *Potter*, 16 Vt. 266; *Westmore* v. *Sheffield*, 56 Vt. 239,

248; *Donohue* v. *Ins. Co.*, 56 Vt. 374, 379, 380; *Flinn* v. *St. John*, 51 Vt. 334, 348.

And also with the fourth request. Deer. Neg., ss. 8, 402; *Holden* v. *R. & B. R. R. Co.*, 30 Vt. 297; *Saxton* v. *Beacon*, 31 Vt. 540; *M. & St. P. R. R. Co.* v. *Kellogg*, 94 U. S. 469.

*D. J. Foster* and *R. E. Brown* for the plaintiff.

The defendant's second request was not applicable to the case made by the evidence. There was nothing to show that the plaintiff had any knowledge of the defect in question. *Clark* v. *Boardman*, 42 Vt. 667; *Eddy* v. *Kinney*, 60 Vt. 554.

The fourth request was properly refused for there was no evidence tending to show any other cause of the plaintiff's damage. *Templeton* v. *Montpelier*, 56 Vt. 329; *Davis & Gay* v. *C. V. R. R. Co.*, 66 Vt. 290; *Pike* v. *Grand Trunk R. R. Co.* 19 Fed. Rep. 255; *Chicago & St. P. R. R. Co.* v. *Elliot*, 5 Circuit Ct. App. 347; *Scheffer* v. *Washington*, 105 U. S. 249; *Willey* v. *Stanley*, 65 Vt. 145; *Seargent* v. *Slack*, 47 Vt. 674.

ROSS, C. J.  The defendant was the bailee of the plaintiff's horse to pasture it during the summer of 1894. In her discharge of the bailment, it was her duty—unless some contract existed varying that duty—to maintain or cause to be maintained, a legal fence between the pasture and the meadow of Root. The law on this subject is considered in *Sargent* v. *Slack*, 47 Vt. 674. The jury have found that no contract existed between the parties on this subject.

1. The point in the fence where the horse escaped was not in controversy; rather the plaintiff claimed that the fence between the pasture and Root's meadow was defective at a particular point, and that by reason of that defect the horse escaped into the meadow. Whether she had

maintained the fence at this point, in the condition which the law required, was the material inquiry in the case. Evidence to show that the fence surrounding the pasture at other points was maintained so that it met the requirements of the law, or otherwise, was immaterial to a determination of the issue made by the plaintiff. That other persons, of prominence, regarded the defendant a careful and prudent agister of horses, and entrusted valuable horses to her care; that the fence around her pasture compared favorably with the fences surrounding the pastures of other persons in that section; and that no other animals to the knowledge of the witness escaped from the pasture until the plaintiff's horse escaped, had no relevancy to the determination of this issue, and were properly rejected. All the facts, proposed to be established by such testimony, did not tend to show that the defendant might not have been negligent in regard to maintaining a legal fence at the point complained of. Nor, on the issue presented by the plaintiff, was it material to show how the defendant kept other horses for people, or that their horses ran with other horses. The plaintiff made no complaint in this respect. Nor was it material for the defendant to show that such other persons took the risk of injury to their horses. That she made such a trade with others did not tend to show that she made it with the plaintiff. As bearing upon the conflict of her testimony with that of the plaintiff, on this point, she was permitted to show that it was her custom to insert into her contracts a provision that the owner of the horse took the risk of its injury. This did not permit her to show particular instances in which she carried the custom into effect. There was no error in the rejection of offered testimony.

2. The defendant does not not now insist that the county court erred in regard to her first request to charge. Her second and third requests are defective and inapplicable; defective because they apply generally to the fence sur-

rounding the pasture, when they should be confined to the portions complained of; inapplicable because there was no testimony tending to show that the plaintiff had any knowledge of the defect in the fence complained of, before the escape of the horse. There was no error in the failure to comply with the fourth request. No foundation for its application was laid by the evidence. The case does not disclose that any evidence was introduced nor claimed, that any cause for the injury to the plaintiff's horse intervened between its escape from the pasture through the fault of the defendant, and its being run over and killed by the cars.

3. The declaration was properly held good against a motion in arrest of judgment. It alleges that the defendant carelessly and negligently omitted to surround the pasture with a proper fence, and carelessly and negligently permitted the fence to become and remain out of repair, "so that the horse" escaped and was killed. If in place of "so that" he had alleged "whereby" or "by reason whereof", the connection between the alleged negligence and injury to, and death of, the horse, would have been properly set forth. The language used, in legal sense, is equivalent to, "because of which negligence" or "by reason whereof." The declaration is clearly sufficient to stand the encounter of a motion in arrest of judgment.

*Judgment affirmed.*