## JOHN McBRIDE v. ROBERT WALLACE.

Opinion filed August 28, 1908.

Rehearing denied October 8, 1908.

**Trial — Denial of Directed Verdict — Renewal of Motion at Close of Testimony.**

1. When the plaintiff rested on the trial of this action, defendant moved for a directed verdict on the ground that plaintiff had failed to establish the allegations of his complaint. *Held*, that the defendant, not having renewed this motion after all the evidence was submitted, thereby waived any error in denying his motion.

**Negligence — Agistment of Animals — Question for Jury.**

2. Defendant took a mare belonging to plaintiff to pasture for the season, and in the month of October, two or three days after having built a barbed-wire fence around a corral about eight rods in length connected with the pasture by a lane and a gate, permitted plaintiff's mare to be driven into such corral with other horses, and either closed or permitted the gate to be closed. While the horses were restrained in such corral, the mare of the plaintiff got entangled in a barbd wire and injured so it became necessary to kill her. *Held*, that in an action to recover her value, and charging her loss to the negligence of the defendant, the question of negligence was one of fact for the jury to determine.

**Same — Evidence — Defendant's Reputation for Care.**

3. In such a case it is not reversible error to exclude a question as to defendant's reputation as a man of care in handling stock, as, while his reputation may have been of the best, he may have failed to exercise ordinary care in this instance.

**Appeal and Error — Exclusion of Question Already Answered.**

4. It does not constitute reversible error to exclude a question which has already been asked and answered by the same witness.

**Instruction — Degree of Care.**

5. In the light of all the instructions to the jury in this case, *held*, that it did not constitute reversible error to inform them as to the different degrees of care and negligence, but served to more clearly define the degrees of care imposed upon the defendant.

**Same — Charge Considered as a Whole — Harmless Error.**

6. Instructions to the jury must be considered as a whole, and an isolated sentence containing an erroneous statement of the law, but which, when taken with the rest of the charge, cannot have misled the jury, is harmless error, and does not warrant reversal.

Appeal from District Court, Ramsey County; *Cowan, J.*

Action by John McBride against Robert Wallace. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Anderson & Traynor,* for appellant.

An agister of cattle undertakes only such care as a man of ordinary prudence uses towards his own property under like circumstances. 1 Am. & Eng. Enc. Law, 589; 3 Cur. Law, 162, note 68; Revised Codes 1905, section 5472; Wood v. Remick, 9 N. E. 831.

When defendant advises plaintiff of the accident to animal, burden is on the latter to show negligence. Calland v. Nichols, 46 N. W. 631; 2 Enc. of Ev. 193; Wood v. Remick, supra; Elliott on Ev. Vol. 3, sections 1783 and 1785; Willett v. Rich, 7 N. E. 776; Foster v. Pacific Clipper Line, 71 Pac. 48; Stewart v. Stone, 14 L. R. A. 215; 2 Cyc. 323.

Negligence must be shown to be proximate cause of injury. 2 Enc. Ev. 196; 2 Elliott on Ev., section 1787; Revised Codes 1905, section 9522.

Plaintiff must show agister's negligence. 2 Cyc. 323; Wood v. Remick, supra; 2 Enc. of Ev. 193, 196.

It is competent to show agister's reputation for care. Revised Codes 1905, sections 5472, 6694; 3 Cur. Law, 162, note 68; 1 Am. & Eng. Enc. Law 589; 2 Cyc. 323; 5 Cyc. 217; 2 Enc. Ev. 201.

Evidence as to custom of neighborhood in handling stock is competent. Revised Codes 1905, section 5553; 5 Cyc. 219; Maynard v. Buck, 100 Mass. 40; 2 Enc. of Ev. 202; 3 Elliott on Ev. 1768, 1796.

The charge must correctly state the rule, viz: "Bailor must prove the contract of bailment, delivery and failure to return, or return in a damaged condition; it is then for bailee to show the manner of loss or injury, and if successfully done, bailor must show it due to bailee's negligence." 3 Elliott on Evidence, 1785, 1796; Revised Codes 1905, sections 5465, 5553; 5 Cyc. 219; 2 Enc. of Ev. 202.

*Burke & Middaugh,* for respondent.

Where property is bailed in good condition, and returned in bad, or not at all, bailee's negligence is presumed. 5 Cyc. 217; Can-

field v. B. & O. R. R. Co., 93 N. Y. 553; Burnell v. N. Y. C. R. Co., 45 N. Y. 185; 6 Am. St. Rep. 61; Magnis v. Dinsmore, 56 N. Y. 168; Steers v. Liverpool, etc., Steamship Co., 57 N. Y. 6; 15 Am. St. Rep. 453; Fairfax v. N. Y. C. & Hud. R. R. Co. 67 N. Y. 11; Claflin v. Meyer, 75 N. Y. 260; 31 Am. St. Rep. 467; Schmidt v. Blood, 9 Wend. 524; Russell v. N. H. Steamboat Co., 50 N. Y. 121.

Motion for directed verdict must be made at close of all testimony. Illstad v. Anderson, 2 N. D. 167, 49 N. W. 659; Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000; Conrad v. Smith, 2 N. D. 408, 51 N. W. 720; Colby v. McDermott, 6 N. D. 495, 71 N. W. 772; Tetrault v. O'Connor, 8 N. D. 15, 76 N. W. 225; First Nat. Bank v. Red River Valley Nat'l Bank, 9 N. D. 319; 83 N. W. 221; Haggerty v. Strong, 74 N. W. 1037.

Whether defendant used ordinary care was for the jury. Bullard v. Mulligan, 29 N. W. 404; Loveland v. Gardner, 4 L. R. A. 395; Welch v. Mohr, 28 Pac. 1060.

SPALDING, J. The complaint in this case alleges that a certain mare, the property of the plaintiff, was intrusted to the defendant to pasture for hire during the season of 1906, and that while she was in the defendant's possession, and under his control, and being so pastured for plaintiff, the defendant carelessly and negligently permitted her to run into a wire fence in his corral, whereby she was injured, and made valueless, and prays damages therefor. The answer admits the pasturing, but denies any injury through the fault or negligence of the defendant, and pleads a counterclaim for the sum of $3, the agreed price for pasturing. The case was tried to a jury, and plaintiff, being called as a witness, testified as to the value of the mare, her soundness, that he saw her in July, and did not see her again until October; that when he saw her on the latter date her leg was badly injured by a cut received from a barbed wire. He offered no evidence showing how she was injured, but showed that she was killed by the defendant as a result of the injury, and testified as to some other unimportant details about the contract of pasturage. On this evidence plaintiff rested his case, and the defendant submitted a motion to direct a verdict in his favor on the ground that plaintiff had failed to establish the allegations of his complaint by showing that the mare was cut, permanently injured, and made valueless by reason of carelessness and negligence on

the part of 'the defendant. The court overruled this motion, to which ruling defendant excepted, and assigns the court's action as error.

It is unnecessary to consider this further than to say that the motion was not renewed after all the evidence of both parties was submitted, and, if the denial of the defendant's motion for a directed verdict was error, the defendant cannot avail himself of that fact without having renewed his motion after all the evidence was in. This court has so held in so many cases that it is unnecessary to again cite them. The evidence shows that the defendant took some horses belonging to the plaintiff to pasture for the season, and that some three or four days before the accident to the mare described occurred the defendant built a barb-wire fence around a corral near his buildings. The corral was about eight rods long, and between it and the pasture was a lane. Between the lane and the corral a gate was hung. On the day referred to, another patron of the defendant came for some horses which he had in the pasture, and drove some of the horses through the lane to the corral. The defendant with other persons went into the corral to look at the horses. It is not shown whether the defendant or some other person closed the gate between the corral and the lane, but it is shown that it was closed and left closed after the horses entered the corral with the knowledge of the defendant. The defendant and others were about the middle of the corral with the horses in one end when the latter made a sudden start, and ran around the corral. It was soon discovered that one of the legs of the mare in question was entangled in a barbed wire, but no one was able to testify whether it was a wire which had been left loose in constructing the fence, or whether she had been pushed into the fence by the other horses, or how the accident was caused. Immediately upon discovering her condition, defendant notified plaintiff, who inspected and left her with the defendant. There is some disagreement as to their conversation on this occasion, but we do not deem either version material. As we view the evidence, it resolves itself into the question as to whether it was negligence on the part of the defendant to permit a number of horses, some of which, including the mare in question, were unbroken, to be driven into a corral newly fenced with barbed wire and the gate leading therefrom closed. The question of negligence in such a case is one of fact, and, unless the evidence is so clear that

the minds of reasonable and fair-minded men would agree on the subject, it must be submitted to the jury for determination. We think this is such a case. We cannot say as a matter of law that it either was or was not negligence for the defendant to permit a number of horses to be shut into a small corral newly fenced with barbed wire to which the horses had not been accustomed, and the evidence showing some of the horses unbroken. Carr et al. v. Minneapolis, St. Paul & Sault Ste. Marie Ry. Co., 16 N. D. 217, 112 N. W. 972; 2 Cyc. 323. The jury found for the plaintiff, and, unless error was committed in the exclusion or admission of evidence, or in the charge of the court, we cannot meddle with the verdict.

Error is assigned because the court did not allow a question as to defendant's reputation as a man of care in handling stock. It is conceded that the degree of care required by a depository for hire is ordinary care, and that ordinary care is such care or diligence as persons of ordinary prudence usually exercise about their own affairs of ordinary importance. Revised Codes 1905, sections 5472, 6694; 3 Current Law, 162, note 68. We see no error in excluding evidence as to his reputation in this respect. The facts relating to this accident were all before the jury, and in such a manner that their verdict must be based upon the facts of this case, and, while the defendant's reputation may have been, and doubtless was, excellent in the matters referred to, yet, if he did not exercise ordinary care in this instance, his reputation for care could have no proper influence upon the deliberations of the jury. Lucia v. Meech, 68 Vt. 175, 34 Atl. 695.

Error is also assigned because the court excluded evidence as to custom regarding driving stock into this corral. It is unnecessary to determine whether this was properly excluded, because the question next preceding this had been answered, and it was in substance the same, and to have allowed the question to which the objection was sustained would, in effect, have been allowing a repetition of the question just asked and answered.

The court in its charge to the jury stated that there were three degrees of care and three degrees of negligence, and proceeded to define each degree; and error is assigned to such charge upon the ground and for the reason that it directly and and inferentially misstated the law applicable, and had a tendency to confuse and mislead the jury as to what ordinary care was, and also that the evidence showed no negligence whatsoever

on the part of the defendant, but conclusively disapproved any negligence on his part. We see no merit in this assignment. The fact that the court undertook to clearly define the different degrees of care and negligence could not have prejudiced the rights of the defendant before the jury. The court was endeavoring by contrast to make the subject clear, and we think that the charge in this respect has that effect by bringing out more plainly to the jury the degree of care which the law imposed upon the defendant than would have been done had the court mentioned none but those applicable to this case.

The trial judge among other things, charged the jury as follows: "Now, then, gentlemen of the jury, in this case the burden of proof is upon McBride to establish that he placed his mare in Wallace's care as a depository for hire, that Wallace was a depository for hire, and, further, that, when he placed the mare there, that she was sound and healthy and all right. And the burden of proof is also upon him to show that she has not been returned to him, but that she was injured by the negligence of defendant so that on account of such injury she had to be killed as valueless. Now, then, if McBride has shown these things by the fair preponderance of the evidence, then under the law Wallace should pay McBride for the damage thus done him. The burden of proof is upon McBride to establish by a fair preponderance of the evidence that the loss of this mare happened notwithstanding the exercise of ordinary care on Wallace's part; and, unless the evidence in this case so makes it appear to you, gentlemen of the jury, then Wallace would not be liable." Error is assigned in that it misstates the law applicable, and because the latter part of this instruction is confusing and unintelligible, and had a tendency to mislead and confuse the jury as to the burden of proof and tended to hold defendant as an absolute insurer, and for other reasons upon which we have already passed. The authorities regarding the burden of proof in this class of cases cannot be harmonized. The English doctrine is that the burden is upon the plaintiff throughout. Later authorities in this country seem to hold that, when the plaintiff has shown the delivery of the article, its sound condition, and that it has not been returned, the burden shifts to the defendant to show the facts occasioning the loss, or that he used ordinary care in the protection of the property. Still other courts hold that much depends upon the circumstances, and whether conditions are such that the

facts regarding the loss are peculiarly within the knowledge of the defendant rather than of the plaintiff.

It is urged by the appellant that the burden is upon the plaintiff throughout. We are not called upon to determine in this case where the burden rests. The charge was delivered by the court orally. Had it been reduced to writing, the apparent conflict or ambiguity hereinafter referred to could not well have occurred. The defendant submitted no requests, and failed to call the court's attention to any point omitted by it in the charge. The first paragraph above referred to certainly states the rule as favorably to the defendant as he contends for, and follows those cases in harmony with the English doctrine. If it constitutes error, it was error in defendant's favor, and furnishes him with no cause for complaint. On these points, see 2 Encyc. of Evidence, pages 189-294, inclusive, and cases cited; 3 Elliott on Evidence, sections 1784-1787, and cases cited; 3 Am. & Eng. Enc. of Law, 750; Manson et al. v. Pullman Palace Car Porters' Railway Employes Association (N. J. Sup.) 60 Atl. 1120.

The error assigned relating to the last portion of that part of the charge above quoted furnishes a more difficult question. Error is not assigned by reason of the latter sentence being contradictory to any other part of the instructions. We have carefully considered the charge, taken as a whole; and, while the last sentence quoted may be somewhat ambiguous and confusing, yet we have concluded that it cannot have misled the jury. The court had clearly and emphatically told the jury that the burden was upon McBride throughout, and all other portions of the charge were in harmony with that theory. Taking the last sentence as it reads, it may have well been understood by the jury to have indicated that the burden was upon McBride to show that Wallace used more than ordinary care. This construction would make this sentence far more favorable to the defendant than he was entitled to have the law stated on any theory of the law of negligence, and we think that when read in connection with the whole charge, and in the light of the true spirit and tenor of the instructions as a whole, that the jury could not have understood the court to indicate that Wallace was liable if he used ordinary care. If we were not bound by the record before us, we should seriously question its correctness as to this sentence. Under this construction, the contradiction would be so slight and so in favor of the defendant that we do

not deem it reversible error. The appellant has submitted affidavits to show that this was not the language used in fact, but this is not the proper method to correct the record, and we repeat that it is clear to us that, taken as a whole, the charge could not have misled the jury. Instructions must be considered as a whole, and an isolated sentence containing an erroneous statement of the law, but which when taken with the rest of the charge would not mislead the jury, is harmless error, and does not warrant a reversal. Bank v. Lemke, 3 N. D. 154, 54 N. W. 919; State v. Brennan, 2 S. D. 384, 50 N. W. 625; Bank v. Elevator Co., 11 N. D. 280, 91 N. W. 436; McCormack v. Phillips, 4 Dak. 506, 34 N. W. 39; Fassett v. Town of Roxbury, 55 Vt. 552; Melandy v. Town of Bradford, 56 Vt. 148. The court in the last two cases cited gives very clear statements of this doctrine.

Other errors in the charge are assigned, some of which are not argued. Others are covered by what we have already said, and still others are without merit. Some questions of practice are raised by respondent, but it is unnecessary to pass upon them in view of the conclusion at which we have arrived.

The judgment of the district court is affirmed. All concur.