STATE, Respondent, v. DEVERS, Appellant.

(143 N. W. 364.)

1. **Criminal Law—Error—Rulings on Evidence—Necessity for Exceptions.**

Rulings on evidence will not be reviewed on appeal where no exceptions were taken in trial court.

2. **Criminal Law—Trial—Objections to Evidence—Sufficiency.**

An objection that a question was incompetent or immaterial, without calling court's attention to the precise reasons therefor, is insufficient to sustain either a specification or assignment of error.

3. **Animals—Slaughtering For Beef—Regulations—Sale.**

Under Pol. Code, Sec. 2945, making it unlawful for a person who occasionally slaughters cattle for beef to offer same for sale without exhibiting the hide or hides at the time and place the beef is offered for sale, held, that the gist of the offense is selling of the beef without exhibiting the hide or hides, and that the place or county where the cattle were killed is immaterial.

4. **Animals—Slaughtering For Beef—Information—Evidence.**

In a prosecution for violating Pol. Code, Sec. 2945, concerning the slaughtering of cattle and exhibiting the hides, etc., the information charged that in the county of Pennington, State of South Dakota, defendant slaughtered cattle for beef and did at that time and place wrongfully, etc., offer the beef for sale without exhibiting the hide or hides, etc. No objection was made to evidence that the killing occurred outside of Pennington county, and there was no request for an instruction that the jury should acquit unless the cattle were there slaughtered, but defendant did except to an instruction that, if the jury found that he did occasionally slaughter beef and offered same for sale in Pennington county without exhibiting the hides, then they should find defendant guilty, on the ground that such instruction relieved the jury from finding that the cattle were occasionally slaughtered in Pennington county as charged. Held, that, since the place of slaughter is immaterial under the statute, a conviction was not fatally defective because of state's failure to prove that the cattle were killed in Pennington county; especially in view of the fact that the record fails to show there was not ample undisputed evidence that appellant did "occasionally slaughter cattle in Pennington county."

5. **Criminal Law—Instructions—Reasonable Doubt—Presumptions.**

Where court instructed as to reasonable doubt, and it did not appear that appellant's brief presented all the instructions given, it will be presumed on appeal that the trial court clearly charged that its instruction on reasonable doubt applied to

every fact necessary to be found in order to warrant a verdict of guilty.

**6. Criminal Law—Misconduct of Juror—Communication With Juryman.**

Where, during a recess, it appeared that one of the jurors was approached and advised by the speaker that he was the person whose cattle it was claimed had been killed by defendant, but it did not appear that such communication had not been revealed to the whole jury by sworn testimony, held, the record fails to show prejudicial error.

**7. Statutes—Title—Codification, and Title to.**

Where a statute, concerning which it is objected that it was enacted as part of a chapter of Session Laws, and that the title to such chapter did not express the subject-matter contained therein, was subsequently included in the Revised Codes, and no claim was made that the title and sub-titles of the Code containing the provision were insufficient, the objection as to title is not tenable.

Gates, J., taking no part in the decision.

(Opinion filed Oct. 23, 1913.    Rehearing denied Dec. 5, 1913.)

Frank Devers was convicted of offering slaughtered beef for sale without exhibiting the hides, and appeals.    Affirmed.

*John T. Milek,* and *William W. Soule,* for Appellant.

Venue must be proved as laid in the information.    State v. Crowley, 108 N. W. 941.    If it is necessary to describe the place at all in the information and the same is described specifically therein, the proof must conform thereto, substantially.    State v. O'Neal, 124 N. W. 69.    The cattle must be butchered at some place within this state.    The state must prove that the cattle were butchered by the defendant, and the place becomes one of the material elements of the crime.    In this case the state charged the slaughter to have taken place in Pennington county, and wholly failed to prove the same, and in this particular the verdict is contrary to the evidence.

In the part of the instructions referred to in specification 17 the court ignored the allegation of the slaughter in Pennington county and gave the jury to understand that they were to find the defendant guilty upon being satisfied of his selling beef without exhibiting the hides, thus relieving them of being satisfied beyond a reasonable doubt.    If this occurred in the instructions but once it might be said that the first part of the instructions relative to the reasonable doubt, might cure this error.    But we

find the court telling the jury the same thing in the parts set out in specifications 19 and 20.

The record shows that George McFarland was talking to one of the jurors, who thereupon expressed a fear of McFarland and an unwillingness to swear against him. There must be a doubt as to the purity of the verdict. Peterson v. Siglinger, 52 N. W. 1060; Knight v. Freeport, 13 Mass. 217.

The affidavits of the attorney show that he acted promptly upon the first and second rumors that reached his ears concerning this approach to the juror. Furthermore, if the truth of the rumor had been known to the defendant at the time he heard it, after the trial was nearly completed, he could not then have corrected the wrong without prejudicing his case or having the jury dismissed. To haul a jury before the court every time a rumor of misconduct arises would certainly be prejudical to the party who alleged the same. It was the duty of the juror in this case to immediately report the McFarland matter to the court in accordance with the admonitions of the court. Douglas v. Byrne, 63 Fed. 18.

· *Royal C. Johnson,* Attorney General, and *M. Harry O'Brien,* Asst. Atty. General, for Respondent.

The venue was properly laid. The crime in this case was offering such beef for sale without exhibiting the hide or hides thereof at the time and place such beef was offered for sale. The fact that the cattle may have been slaughtered in Meade county is immaterial.

The assignments of error covering the admissibility of evidence cannot be reviewed on account of the defective record. It is impossible to ascertain the nature of the objections and the ruling of the court, whether exceptions were taken, or whether the questions were answered by the witnesses, and such objections are not properly before this court. McQueen v. Bank, 20 S. D. 378, 107 N. W. 208.

Objections to the questions that they were incompetent, irrelevant and immaterial are too general.

The statute in question is not unconstitutional because the actual subject is not expressed in its title as required by the constitutional provision. This statute was incorporated in the code provision of 1903. Proper codifications and revisions do not of-

fend against the constitutional provisions.   36 Cyc. 1021; Tribune
Co. v. Barnes, 7 N. D. 591, 75 N. W. 904.

WHITING, P. J.   The defendant and appellant was con-
victed of a violation of section 2945, Pol. Code, which provides:
"It shall be unlawful for any person or persons who occasionally
slaughter cattle for beef to offer for sale said beef without ex-
hibiting the hide or hides of such beef at the time and place said
beef is offered for sale."   From the judgment of conviction and
an order denying a new trial, he has appealed.   Appellant has as-
signed numerous errors which present but a few separate ques-
tions.

[1] Appellant complains of certain rulings of the court ad-
mitting testimony.   While the record presented to this court sets
forth the questions and answers complained of, yet, omitting three
or four questions, it does not appear that any exceptions were
taken to the rulings of the court thereon.

[2] Furthermore, the only objection that appears to have
been made to any one of said questions was a general objection to
the effect that the question was either incompetent or immaterial.
Such an objection in no manner calls the court's attention to the
precise reason why a question or an answer called for thereby was
or would be incompetent or immaterial.   Under the established rule
prevailing in this state, such an objection is wholly insufficient
upon which to base either a specification or assignment of error.
McQueen v. Bank of Edgemont, 20 S. D. 378, 107 N. W. 208.

Appellant contends that the evidence was wholly insufficient
to support the verdict, but he has failed to comply with rule 6
of this court (140 N. W. viii) providing:   "That, whenever the
appellant shall seek to rely upon an assignment to the effect that
the evidence was insufficient to support the verdict, finding, or
other decision, he shall cause it to affirmatively appear that the
*   *   *   statement in his brief contains a statement of all the ma-
terial evidence received upon the trial," which requirement is by
rule 9 (140 N. W. ix) made to apply to criminal causes.   Further-
more the record as presented discloses ample evidence to sustain
the verdict rendered unless appellant is correct in his contention
that it was necessary, under the information filed, for the state to
prove that the beef sold was from cattle killed by the appellant
in Pennington county, S. D.; whether or not there was evidence

showing that any of the cattle were killed in Pennington county the record does not disclose.

[3] A reading of the statute quoted reveals the fact that the gist of the offense is the selling of the beef without exhibiting the hide or hides. The statements in said statute, relating to the killing of the animal, are only for the purposes of limiting the commission of this offense to such persons as "occasionally slaughter cattle for beef." Under this statute it is absolutely immaterial where the cattle were killed; the material thing being that the person by whom the beef was offered for sale be the person who slaughtered the same and a person who occasionally slaughters cattle for beef.

[4] It appears, however, that the information filed herein charged that on and between certain dates *"at the county of Pennington and state of South Dakota"* the defendant did "slaughter cattle for beef and for the purpose of selling said beef and did, at said time or times and at said place, wrongfully and unlawfully offer said beef for sale without exhibiting the hide or hides of such beef at the time and place he offered the same for sale." The information, it will be seen, alleged the venue not only of the unlawful sale but the venue where it was charged the cattle were killed. It is the contention of the apellant that, inasmuch as the information charged that the cattle were slaughtered in Pennington county, the verdict could not be sustained unless the proof showed that the slaughtering was done in that county. It does not appear that any objection was raised to the admission of evidence tending to show the killing of cattle by appellant outside of Pennington county; neither was there any request to the court that it should advise the jury to bring in a verdict owing to the failure of evidence to establish the slaughtering in Pennington county; nor was there any request made to the court that it instruct the jury to acquit the defendant unless it was found that the cattle were slaughtered in Pennington county. The court instructed the jury that if "you are satisfied the defendant occasionally slaughtered beef, and that he offered that beef for sale in the county of Pennington, * * . * that he offered it for sale without exhibiting the hides, then it is your duty to find the defendant guilty as charged in the information." The appellant excepted to the instruction for the reason that "it relieved the jury from

finding that cattle were occasionally *slaughtered in Pennington county* as charged in the information." It is unnecessary at this time for us to express any opinion as to what the situation would have been if the appellant, upon the trial, had objected to any proof of the slaughtering of cattle elsewhere than in Pennington county, or if he had requested and had been denied an instruction requiring the jury, before they could convict, to find, as alleged in the information, that the slaughtering was done in Pennington county. Inasmuch as under the statute the place where the slaughtering was done is immaterial and therefore any allegation in relation thereto unnnecessary in the information, and inasmuch as the appellant raised no objection to the evidence showing the killing of cattle in another county, and inasmuch as appellant asked for no instruction requiring, before they could find a verdict of guilty, that the jury find that appellant killed the cattle in Pennington county, and further inasmuch as the record herein fails to show that there was not ample undisputed evidence showing that the appellant did "occasionally slaughter cattle in Pennington county," the contention of appellant cannot be sustained.

[5] Appellant complains of certain instructions given by the court wherein, as in the instruction quoted above, the court called attention to facts which, if found, would sustain a verdict of guilty but wherein the court did not caution the jury that it must be satisfied, *beyond a reasonable doubt,* as to the existence of such facts before it would be warranted in rendering a verdict of guilty. Appellant's brief does not purport to present to us all the instructions given to the jury, but it does appear that there was an instruction upon the rule of reasonable doubt. There being nothing to the contrary appearing, it must be presumed, upon appeal, that the trial court made it perfectly clear to the jury that its instructions upon the rule of reasonable doubt applied to every fact necessary to be found in order to authorize a verdict of guilty. Instructions are to be construed as a whole. State v. Brennan, 2 S. D. 384, 50 N. W. 625; McBride v. Wallace, 17 N. D. 495, 117 N. W. 857.

[6] Appellant contends that there was misconduct on the part of the jury such as would necessitate the setting aside of the verdict herein. It appears that, at some stage during the trial

when a recess was taken and while the jury were apparently disbanded, a party approached one of the jurymen and, in the course of conversation with him, advised such juryman "that he was the party whose cattle those fellows killed." It further appears that the juryman immediately advised him that he was a juryman, and such party made no further reference to the case. This incident was immediately communicated to counsel for the defendant, who failed to call the court's attention to same until after the verdict. There is absolutely nothing in this record to show but what the fact that was communicated to this juryman was, either before or after this incident, revealed to the whole jury by the sworn testimony of witnesses. In other words, there is absolutely nothing that would reveal to this court that there was anything brought to the notice of this juryman that was not brought, in a proper manner, to the notice of the whole jury. The record, therefore, fails to show any facts from which we would have a right to infer or presume that the appellant was in any manner prejudiced by the incident referred to.

[7] Appellant contends that the statute (section 2945, supra) is unconstitutional for the reason that it was enacted as a part of chapter 112 of the Session Laws of 1891, and, as appellant contends, the title of such chapter did not express or give notice of the subject-matter contained therein. It is unnecessary for us to consider this contention for the reason that, upon the adoption of the Revised Codes in the year 1903, the Legislature adopted this section as a part thereof, and the appellant has in no manner questioned the sufficiency of the title to the Political Code, wherein it is found, nor the sufficiency of any of the subtitles of such Code under which such section is found. As a matter of fact, the title to such Code is amply sufficient to authorize the enactment thereunder of the section in question. Wilson v. Western Surety Co., 31 S. D. 175, 140 N. W. 263.

The judgment and order appealed from are affirmed.

GATES, J., takes no part in this decision.