AMELIA J. BOWMAN as Administratrix, etc., Plaintiff and Respondent, *v.* M. EPPINGER, Defendant and Appellant.

## 1.  Demurrer Ore Tenus; Defective Complaint Cured by Evidenc Not Objected To.

A general objection to the introduction of any evidence under a complaint, on the ground that the facts therein stated do not constitute a cause of action, will not be considered, on appeal, when evidence was received, without specific objection, to prove the allegations wanting in the complaint.

## 2.  Objection to Order of Proof Properly Overruled.

Objections to evidence that go simply to the order of proof, or sufficiency of proof, are properly overruled.

## 3.  Motion for Verdict Denied; Error Waived by Introducing Testimony Unless Motion Renewed.

After plaintiff rested in chief, defendent moved the court to instruct the jury to return a verdict for the defendent, and the motion was overruled; and subsequently defendant put in his evidence. *Held,* that error cannot be assigned on the ruling on the motion for verdict, as the error, if any, was waived by defendant by subsequently introducing his testimony; and, *held, further,* that, if defendant, desired to preserve the point, he must renew his motion for verdict upon all the evidence in the case.

## 4.  When Court Should Direct Verdict.

The existence of any legal evidence in the record, upon which a verdict for the party holding the burden of proof can be based, is a ques-

tion of law for the court; and it is error to refuse an instruction asked by defendant, after the testimony is closed, directing a verdict in his favor, when upon the evidence in the record, a verdict for plaintiff must properly be set aside on application.

(Opinion Filed April 1, 1890.)

*A*PPEAL from district court, Stutsman county; Hon. Rod-erick Rose, Judge.

This was an action for money loaned. It appeared from the evidence that one Newhauser procured the loan, and the contention of plaintiff was that he procured it as agent for defendant. The defendant contended that Newhauser had no authority as agent to borrow money.

S. L. Glaspell, Esq., for the appellant, argued that the evidence failed to show that plaintiff was administratrix; citing Wittman v. Watry, 37 Wis. 238; that Newhauser, as general manager of defendant's business, had no implied authority to borrow money, citing Mechem on Agency, § 399; Bickford v. Menier, 107 N. Y. 490; Bank v. Ins. Co., 103 U. S. 783; Wood v. Goodbridge, 52 Am. Dec. 771; Spooner v. Thompson, 48 Vt. 259; that the evidence of Newhauser's authority was limited to his own representations and to statements of others that he had at other times borrowed money for defendant; that such evidence was improperly admitted, it not being shown that defendant was cognizant of such acts, citing Compiled Laws, § 3981; Graves v. Horton, 35 N. W. Rep. 568; Law v. Stokes, 90 Am. Dec. 655.

Messrs. Nickeus & Baldwin, for respondent, argued that Newhauser was in the habit of borrowing money to use in defendant's business, and of repaying it with checks signed with defendant's name, which were afterwards returned to defendant after they had been cashed. That plaintiff having relied upon these facts as showing the agent's authority, the defendant is estopped to deny such authority, citing Kingsley v. Fitts, 51 Vt. 414; 1 Am. Dec. 425; and other cases.

A petition for a rehearing filed by respondent was denied.

Bartholomew, J. Plaintiff sued as administratrix and alleged—*First*, her representative capacity; *second*, "that on the 9th day of December, 1887, she loaned the defendant, for his accommodation, through his agent, Ferdinand Newhauser, and

at the request of the defendant, and without any time being agreed upon for payment," a certain sum of money; *third,* demand of payment, and refusal. The answer puts in issue every allegation of the complaint.

After the jury had been sworn, and when the first witness was produced, the defendant objected "to the introduction of any evidence under the complaint in this action; for the reason that the facts therein stated do not constitute a cause of action." The objection was overruled, and this ruling is assigned as error. The ruling cannot be reviewed: for the reason that proof was introduced tending to establish the facts not alleged, and no objection was made to such proof because of such insufficient allegation. Learned counsel probably had in mind the fact that there was no specific allegation that plaintiff loaned the money as administratrix. When proof of that fact was offered, he should have made his objection for that reason. His general objection does not reach the point, and the proof being received without objection cures the defect in pleading, if any. Thoreson v. Harvester Works, 29 Minn. 341, 13 N. W. Rep. 156; Isaacson v. Railroad Co., 27 Minn. 463, 8 N. W. Rep. 600.

Thirteen errors are assigned upon the rulings of the court on defendant's objections to testimony. These errors need not be reviewed in detail or the evidence reproduced. They are all comprehended in one of two classes: First, where plaintiff sought to prove specific acts or statements of the alleged agent, Newhauser, before the agency had been established. These went simply to the order of proof, and were clearly within the discretion of the court. Com. v. Dam, 107 Mass. 210; Hutchins v. Kimmell, 31 Mich. 126. The second class were instances where plaintiff sought to prove that Newhauser had borrowed money of other parties for defendant with a view to showing authority in Newhauser to borrow money. It was the expectation of the learned judge of the district that these transactions would be brought to the subsequent knowledge of defendant; and, indeed, such was the effort of plaintiff's counsel. Under such circumstances, the objections went to the sufficiency and not to the competency, of the proof, and were properly overruled.

When plaintiff rested in chief, defendant moved the court to instruct the jury to return a verdict for defendant, assigning as reasons therefor that "there is no evidence showing that Ferdinand Newhauser had any authority from defendant to borrow money on his credit, and that there is no evidence in the case showing that defendant authorized, or had any notice or knowledge of the fact of this loan, nor authorized the same, directly or indirectly." The motion was overruled, and this ruling is assigned as error. When his motion was overruled, defendant proceeded to introduce his testimony, and make his case. Granting that it was error to deny this motion, yet, as defendant subsequently put in his evidence, and as the entire case was given to the jury, and found for plaintiff, the former error is cured. Railway Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. Rep. 493; Insurance Co. v. Crandal, 7 Sup. Ct. Rep. 685; Association v. Willard, 48 Cal. 617; Bradley v. Poole, 98 Mass. 169. This rule is not uniform. The contrary is held in New Jersey and apparently in some other states; but we deem the proposition sustained by the better authorities, and certainly the better reason. All the authorities denying this rule hold that, if the defect in plaintiff's proofs be supplied by the subsequent testimony introduced by defendant, the error in ruling upon the motion is cured. The difficulty with that position, in practice, is that, whenever the ruling upon such motion comes up for review in an appellate court, such court is compelled to explore the subsequent record to discover whether or not the defect has been cured. When the defendant, at the close of plaintiff's evidence, moves for a verdict, and such motion is overruled, and the defendant elects to put in his testimony, it is only reasonable that he should be required to renew his motion upon all the evidence, if he deem the defect not supplied; and, upon the ruling upon the latter motion, the entire case could properly be reviewed. We have discussed the foregoing assignment because it is properly presented on the record, and because we wished to settle the rule in a matter that arises so frequently under our practice.

When the evidence was closed, defendant again asked the court to instruct the jury to return a verdict for the defendant.

The instruction was refused, and the point was saved, and is here assigned as error. The assignment is well taken. While it is true that trial courts should exercise great caution in taking a case from the jury on the facts, and while it should only be done in cases where a verdict for the opposite party must properly be set aside on application, yet the question of the existence in the record of any legal evidence—not a *scintilla,* merely—upon which a verdict for the party holding the burden of proof could be based, is always a question of law; and, in a proper case, the court should not hesitate to declare the law upon this point as readily as upon any other. Thomp. Trials, §§ 2247–2249, Wagon Co. v. Matthiessen, 14 N. W. Rep. 107; S. C. 3 Dak. 233.

The evidence is all in the record. The members of this court have separately and carefully examined it; and we are agreed that, taking from the record defendant's sworn denials, and admitting all of plaintiff's evidence to be true, yet there exists no legal evidence upon which an agency to borrow money, or an estoppel to deny such agency, can be based. It will serve no good purpose to set out the testimony. No express authority is claimed. Plaintiff relies solely upon implied authority arising from the acts of the pretended agent, Newhauser. Admitting that Newhauser did borrow money from another party, ostensibly for the use of defendant—and that is far from certain on the record—and admitting that such loan was paid by check drawn by Newhauser in defendant's name, still there is no legal evidence that defendant knew of such transactions, or of any facts or circumstances from which he could reasonably infer the same. Nor is there any evidence that defendant ever received any benefit whatever, directly or indirectly, from the loan in this case, or any other loan which Newhauser pretended to make for his benefit. Reversed, with costs, and a new trial ordered. All concur.