(71 N. W. Rep. 772.)

----

WILLIAM COLBY *vs.* F. H. McDERMONT.

Opinion filed June 1st, 1897.

**Appeal—Waiver of Objections.**

> Where defendant, after his motion to direct a verdict is overruled, introduces evidence in the case, and then fails to renew his motion at the close of the case, he is not in a position to claim that the court erred in denying his motion.

**Error Cannot be Predicated on Charge to Which no Exception Was Taken.**

> No portion of the charge having been excepted to, the defendant cannot predicate error upon instructions to the jury.

**Specification of Particulars Wherein Evidence Fails to Sustain Verdict.**

> The question of the insufficiency of the evidence not having been raised in this court by a proper assignment of error, such question will not be considered.

Appeal from District Court, Grand Forks County; *Templeton*, J.

Action by William Colby against F. H. McDermont. Judgment for plaintiff. Defendant appeals.

Affirmed.

*F. H. McDermont, in pro per.*

*W. J. Anderson* and *George A. Bangs,* for respondent.

CORLISS, C. J. This is an appeal from an order denying a motion for a new trial, and from a judgment based upon a verdict. The appellant is not in position to claim that the court erred in refusing to direct a verdict in his favor. Such motion was made at the close of the plaintiff's case. After it was overruled, the defendant introduced evidence to support his defense. Having failed to renew his motion at the close of the case, he waived the error, if any, committed by the court in overruling his motion at

the end of plaintiff's case. *Bowman* v. *Eppinger*, 1 N. D. 21, 44 N. W. Rep. 1000. The appellant is not in position to complain of the charge of the court, he not having taken any exception to any portion thereof. So far as he essays to raise the question that the evidence is insufficient to support the verdict, the answer to his contention in this respect is that his assignments of error in this court do not relate to any such point. On the contrary, in the only assignment of errors which can possibly be held to raise the question of the sufficiency of the evidence, the appellant studiously excludes the idea that he desires to challenge the sufficiency thereof, by asserting that the court erred in overruling the motion for a new trial, for the reasons and on the grounds specifically set forth in the preceding assignments of error, all of which assignments relate to errors in law occurring at the trial, and not to the insufficiency of the evidence. We deem it in the interests of justice not to relax in this case our rules relating to assignments of error in this court. Finding that the appellant is not in position to raise the questions discussed by him in his brief, the order and judgment are affirmed. All concur.