(76 N. W. Rep. 292.)

---

## JOSEPH TETRAULT *vs.* A. M. O'CONNOR.

Opinion filed June 20th, 1898.

**Trial—Motion for Verdict—Waiver.**

A motion for verdict made by defendant at the close of plaintiff's testimony in chief is waived unless renewed after the testimony in the case is closed.

**Bona fide Purchaser of Personal Property.**

A bona fide purchaser for value of personal property obtains a good title, notwithstanding the fact that his vendor's title may have been obtained by fraud.

**Evidence—Opinion of Witness.**

The answers to questions, directed to non-expert witness, calling for the opinion or conclusion of the witness, are properly excluded.

**Improper Question.**

Where a question is so framed that the answer cannot possibly aid the jury, the answer is properly excluded, although the witness was competent to testify on the general subject.

Appeal from District Court, Pembina County; *Sauter,* J.

Action by Joseph Tetrault against A. M. O'Conner. Plaintiff had judgment, and defendant appeals.

Affirmed.

*W. J. Kneeshaw,* for appellant.

*J. D. Stack,* for respondent.

BARTHOLOMEW, J. Action of conversion against a sheriff for the value of a stock of goods seized and sold by the officer, but of which plaintiff claims to have been the owner. The officer justified under a writ against plaintiff's vendors. The only issues related to the ownership of the goods and their value. There was a verdict for plaintiff, a new trial was denied, judgment upon the verdict, and defendant appeals.

Plaintiff's vendors had been doing business as merchants. They made an assignment for the benefit of creditors. From that assignment they reserved goods valued at $1,500 as their exemptions under the statute. These goods had been separated from the general stock, but not removed from the building. The building and general stock were in the possession of the assignee. The assignors sold

the property claimed as exempt to plaintiff, by bill of sale, for the sum of $1,000, and plaintiff claims to have taken immediate and continued possession thereof. The defendant denied the bona fides of the sale; claimed that it was made to defraud the creditors of the vendors, and that there had been no change of possession as required by statute, and hence the sale was prima facie fraudulent as to existing creditors of the vendors; and claimed also that the debt upon which the writ against such vendors was based was incurred for property obtained under false pretenses and fraudulent statements

The errors assigned relate to the rulings upon evidence, the refusal of the Court to direct a verdict at the close of plaintiff's testimony, and the order overruling the motion for a new trial. The motion for a directed verdict was waived by not being renewed after the testimony was all in. *Bowman* v. *Eppinger*, 1 N. D. 21, 44 N. W. Rep. 1000; *Colby* v. *McDermont*, 6 N. D. 495, 71 N. W. Rep. 772. The ruling on the motion for a new trial will need no consideration after the discussion of the rulings upon the evidence, as it was practically based thereon.

The trial court excluded all evidence offered by defendant tending to show that the debt to satisfy which the property was seized was incurred by plaintiff's vendors for property obtained by fraud and false pretenses. It is urged that this is error, for two reasons: First, if the property was in fact exempt, there could be no fraud, as to creditors, based upon any transfer thereof. Hence it was material for defendant to show that it was not exempt, and as our statute does not allow general exemptions, as against a debt incurred by fraud or false pretenses, it was proper to allege and prove such fraud. This claim is based upon *Taylor* v. *Rice*, 1 N. D. 72, 44 N. W. Rep. 1017, where, in a somewhat similar case, we held that fraud might be shown to defeat exemptions. And, second, it is urged that among the goods so seized by the officer there were some of the specific goods purchased by plaintiff's vendors from the plaintiff in execution, and, as there was fraud in their purchase, no title passed to the purchaser, and he could give none, and as to such property, at least, the seizure was rightful. The Court instructed the jury that there was no question of exemption in this case, for the reason that plaintiff's vendors had not claimed their exemptions and had them set apart as required by law. It is therefore perfectly clear that there was no prejudicial error in refusing to permit defendant to show fraud in order to defeat exemptions, as the jury were plainly instructed that the property was not exempt in the hands of plaintiff's vendors. As to the second point, defendant seized the goods as the property of plaintiff's vendors. He sold it as their property, and applied the proceeds on their debt. He cannot be heard to say that they never had any title to the goods. But, further, defendant's legal proposition is unsound. If plaintiff was a good-faith purchaser, the title to the property vested in him, not-

withstanding the fact that his vendors' title may have been obtained by fraud. Bigelow, Frauds, 403, and note. In defendant's view of the case, it was important to determine who was in possession of the goods at the time of the seizure by defendant. The Court at all times, on plaintiff's objection, excluded the answer to the direct question, "Who was in possession?" In this there was no error. That was one of the ultimate questions for the jury to determine under the instructions of the court. The circumstances and surroundings were such that different minds might have reached different conclusions. All the facts relative to the location and condition of the goods were shown, as well as all the facts concerning the building, its control, occupancy, and the control of the key. No errors are assigned upon the instructions. We do not know whether the jury found that plaintiff was in actual possession or not. If they did, they were warranted in so doing, under the evidence and the instructions. On the other hand, if they found that the transfer was presumptively fraudulent, under the statute, because of insufficient possession by plaintiff, yet they may have also found that the legal presumption of fraud was fully rebutted by the evidence and the good faith of the transfer established. There was evidence to support such a finding.

The remaining errors relate to the question of value. The evidence, as usual, took a wide range, running from $400 to $2,500. The jury placed it at $1,000. Plaintiff was a competent witness on the point. He was the owner of the goods. He had had some experience in that line. If his experience was shown to be limited, the jury would consider that fact in weighing his testimony. One Murphy was asked, "What, in your opinion was the value, per cent, on the dollar,—the market value,—of the goods in question in Neche at the time of the conversion?" He was not permitted to answer. There was no error. His answer could not have aided the jury. No basis was fixed upon which to calculate the per cent. Whether it was upon the price for which they were purchased, or the price at which they were marked for sale, does not appear. It does appear that the witness never saw the cost inventory, and did not know the selling mark. He was acquainted with the value of the goods, and, if he had been asked to state the value of the goods, his testimony would have been competent. In this case plaintiff's vendors selected from a stock valued at $3,500 what they supposed to be the full amount of their exemptions. The statute allowed them $1,500. They were in no manner restricted in their selections. The evidence shows that they took the most salable goods, and they were acquainted with the value of goods. They had sold $100 to other parties. Had they taken more than the statutory allowance, it would not, under the circumstances, have been surprising, but that they should have made a mistake of $400 against their own

interest is unprecedented. We think the defendant should be well satisfied with the value as found by the jury. But in any event the record discloses no error, and the judgment is affirmed. All concur.