A. T. WARD AND CHARLES MURRAY, COPARTNERS AS WARD & MUR-
RAY v. JAMES McQUEEN.

Opinion filed May 28, 1904.

**Directing Verdict — Renewal of Motion at Close of Testimony.**

1. The denial of a motion to direct a verdict is not available as
error when further testimony is introduced and the motion is not re-
newed.

**Real Estate Agent — Commissions.**

2. A real estate broker, with whom land is listed for sale under an
ordinary listing contract, is entitled to the commission provided for in
his contract, when he presents to the owner a purchaser who is ready,
willing and able to purchase upon the terms specified in the listing
contract or upon modified terms which are assented to by the owner;
and the refusal of the owner to consummate the sale upon the terms
to which he has assented will not defeat the agent's right to his com-
mission.

Appeal from District Court, Steele county; *Pollock, J.*

Action by Ward & Murray against James McQueen. Judgment
for plaintiffs. Defendant appeals.

Affirmed.

*C. S. Shippy* and *Morrill & Engerud,* for appellant.

Without written authority to him, an agent cannot execute a
contract of sale of real estate of his principal as agent. Brandrup
v. Britten, 11 N. D. 376, 92 N. W. 453; Ballon v. Bergvendsen, 9
N. D. 285, 83 N. W. 10

Before a broker, employed to sell real estate, can recover his com-
mission, he must show that he has found a purchaser, ready, willing
and able to purchase on all the terms and conditions imposed by the
owner, and has brought such person to the owner. Howie v. Brat-
rud, 86 N. W. 747; Scott et al. v. Clark, 54 N. W. 538; Ford v.
Easly et al., 55 N. W. 336.

*E. J. McMahon* and *F. W. Ames,* for the respondent.

Defendant's motion for a directed verdict is not before the court.
It is not error to refuse to direct a verdict for defendant, when tes-
timony is thereafter offered, and motion is not renewed at the close
of the testimony. First Nat'l Bank of Fargo v. Red River Val.
Nat'l Bank of Fargo, 83 N. W. 221; Bowman v. Eppinger, 1 N.

D. 21, 44 N. W. 1000; Colby v. McDermont, 6 N. D. 495, 71 N. W. 772; Tetrault v. O'Connor, 8 N. D. 15, 76 N. W. 225.

If the question were before the court, the lower court was right in denying defendant's motion for a directed verdict at close of plaintiffs' testimony. Plaintiffs were employed under a listing contract. They found purchasers and closed a bargain with them. The terms of this bargain, although varying from those of the listing contract, were in writing. They were subsequently submitted to the defendant, read to him and by him fully assented to. Where an agent is employed to sell real estate on certain terms, obtains a purchaser who executes a contract with the owner on different terms, the agent is entitled to his commission under the original contract. Welch v. Young et al., 79 N. W. 59; Gilder v. Davis, 20 L. R. A. 398; Hoadley v. Savings Bank of Danbury, 44 L. R. A. 321, and foot notes on page 350.

The evidence will be construed most favorably to the plaintiff on a motion to direct a verdict for the plaintiff. Warnken v. Langdon Merc. Co., 8 N. D. 243, 77 N. W. 1000.

It will be assumed to be true, and given the benefit of all the legitimate inferences in the plaintiff's favor. Bohl v. City of Dell Rapids, 15 S. D. 619, 91 N. W. 315; Marshal v. Harney Peak Tin Min. Mill. and Mfg. Co., 1 N. D. 350, 47 N. W. 290; Sanford v. Duluth & Dak. El. Co., 2 N. D. 6, 48 N. W. 434.

It is not necessary to prove a purchaser responsible. When he enters into a contract he is presumed to be so, until the contrary appears. Goss v. Brown, 18 N. W. 290; Hart v. Hoffman, 44 How. Pr. 168.

YOUNG, C. J. This action is brought by a firm of real estate brokers to recover the sum of $1,040, which they claim is due to them as commission for the sale of 1,040 acres of land owned by the defendant, which he had listed with them for sale. The defendant admits that he listed the lands with plaintiffs, but denies that they made or consummated a sale in accordance with the listing contract or otherwise. The listing contract was in writing, and fixed the selling price at $16 per acre, net, to the defendant, and gave to the plaintiffs the excess of the selling price above that sum as commission, and prescribed the terms upon which the purchase price was to be paid. At the close of the case a verdict was directed for

the plaintiffs for the full amount claimed. This appeal is from the judgment.

The errors specified in the statement of case as ground for reversal are: (1) The court's refusal to direct a verdict for defendant, (2) the direction of the verdict for plaintiffs, and (3) the exclusion of certain testimony. The first assignment, namely, the ruling upon defendant's motion for a directed verdict cannot be reviewed. The record shows that, after the motion was denied, defendant introduced further testimony and did not renew his motion. It has been repeatedly held by this court that: "Error cannot be predicated upon a refusal to direct a verdict at the close of the plaintiffs' case, when testimony is thereafter offered by the defendant. The error, if any exists, is waived unless the motion is renewed at the close of the testimony." First Nat. Bank of Fargo v. Red River Val. Nat. Bank of Fargo, 9 N. D. 319, 83 N. W. 221; Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000; Colby v. McDermont, 6 N. D. 495, 71 N. W. 772; Tetrault v. O'Connor, 8 N. D. 15, 76 N. W. 225.

Did the court err in directing a verdict for plaintiffs? We think not. The evidence shows, without dispute, that plaintiffs negotiated a sale of the land in question to J. Donald, B. F. Egan and S. Voorhies for $17 per acre, and upon terms of payment which were assented to by the defendant. A written contract of purchase and sale, embodying the terms thus agreed upon, and assented to by the defendant, was executed in the defendant's presence by the plaintiffs and the purchasers, and $100 was then paid by the purchasers to the plaintiffs, pursuant to the terms of the written contract, and the said purchasers were then, and have ever since been, ready, willing and able to comply with their contract. This shows a full performance by plaintiffs of the duties of their employment under the listing contract, and entitled them to their commission. True, the agency contract did not give the plaintiffs authority to bind the defendant by a written contract, and the contract which they executed with the purchasers could not therefore be specifically enforced against him, for it is well settled that the agency of real estate brokers under contracts like that involved in this case extends only to procuring purchasers who are acceptable to the vendors, or who are prepared to comply with the conditions of sale proposed by the vendors to their brokers, and does not include authority to execute written contracts binding upon the ven-

dors.   Brandrup v. Britten, 11 N. D. 376, 92 N. W. 453; Ballou v. Bergsvendsen, 9 N. D. 285, 83 N. W. 10.   The rule is that "a real estate agent or broker, when duly employed as such, is entitled to his commission, when he has procured a party ready, able and willing to purchase upon the owner's terms, although the agent has made no binding contract of sale with the purchasers."   Scott v. Clark, 3 .S. D. 486, 54 N. W. 538; McLaughlin v. Wheeler (S. D.) 47 N. W. 816; Buckingham v. Harris, 10 Colo. 455, 15 Pac. 817; Doty v. Miller, 43 Barb. (N. Y.) 529; Delaplaine v. Turnley, 44 Wis. 31; Moses v. Bierling, 31 N. Y. 462; Hart v. Hoffman, 44 How. Prac. 168.   The defendant's refusal to consummate the sale which his agents had negotiated did not affect their right to the agreed commission.   Lockwood v. Rose, 125 Ind. 588, 25 N. E. 710; Fisk v. Henarie (Or.) 9 Pac. 322; Kelly v. Phelps, 57 Wis. 425, 15 N. W. 385; Willes v. Smith (Wis.) 45 N. W. 666; Stewart v. Mather, 32 Wis. 344; O'Connor v. Semple, 57 Wis. 243, 15 N. W. 136; Bird v. Phillips (Iowa) 87 N. W. 414.

The terms of sale agreed upon and assented to by the defendant were different in some respects from those stated in the listing contract.   For this reason it is contended that the plaintiffs are not entitled to the compensation provided for in the agency contract, but that they must show that the defendant expressly agreed to allow the same compensation for the sale upon the modified terms as was fixed by the agency contract, and this was not done.   There is no merit in this contention.   Where an agent who is employed to effect a sale of another's land upon certain terms obtains a purchaser who is ready, willing and able to purchase it upon different terms, and the modified terms are assented to by the owner, the agent, in the absence of a new agreement, is entitled to the compensation fixed by his original contract.   Huntemer v. Arent (S. D.) 93 N. W. 653; Knowles v. Harvey, 10 Colo. App. 9, 52 Pac. 46; Magill v. Stoddard (Wis.) 35 N. W. 346; Potvin v. Curran, 13 Neb. 302, 14 N. W. 400; Welch v. Young (Iowa) 79 N. W. 59; Goss v. Stevens (Minn.) 21 N. W. 549.

Neither did the trial court commit prejudicial error in excluding the testimony of the defendant to the effect that he had frequently demanded of the plaintiffs the $100 which was paid to them by the purchasers when the contract was executed, and that he had not received any sum from the plaintiffs, or any person, on account of the sale.   The defendant did not deny, or offer to deny, that the

contract which his agents made with the purchasers was corrected to conform to his wishes, was read to and understood by him, and was executed in his presence. Under the express terms of this contract the $100 payment went to the agents. He was entitled to further payments only when he would consummate the sale according to the terms of the contract. This he arbitrarily refused to do. Evidence that he repeatedly demanded money to which he was not entitled under the terms of the sale—and his alleged demands assume that there was a sale—was, from defendant's standpoint, clearly immaterial upon any issue of fact involved in the case.

Finding no error in the record, the judgment will be affirmed. All concur.