JOHN BUCHANAN, Sr., Thomas Buchanan, David Buchanan, and John Buchanan, Jr., Copartners, as John Buchanan & Sons, v. OCCIDENT ELEVATOR COMPANY, a Corporation.

(157 N. W. 122.)

**Defendant — motion for nonsuit — denial of — evidence — participation in trial — close of case — motion not renewed — error on — cannot predicate.**

1. A defendant who introduces evidence in the case after his motion for nonsuit is overruled, and fails to renew his motion at the close of the case, is not in position to predicate error upon the denial of the motion for nonsuit.

**Verdict — evidence — sufficiency — question of — time to raise — trial court — supreme court.**

2. Under the rule announced by this court in Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366, the sufficiency of the evidence to support the verdict cannot be assailed for the first time in the supreme court, but this question must first be raised in some appropriate manner in the trial court.

**Evidence — rulings on — errors assigned — appeal — when considered on.**

3. It is *held*, for reasons stated in the opinion, that certain errors assigned upon rulings in the admission and exclusion of evidence cannot be considered on this appeal.

**Jury — instructions — nonprejudicial.**

4. Certain instructions to the jury considered and *held* nonprejudicial.

**Jury — instructions — error — assignment of — explicit — request for.**

5. Where an instruction is correct as far as it goes, error cannot be assigned

on the ground that it was not sufficiently full and explicit unless request is made for more specific and comprehensive instruction.

**Witness — questioned by court — trial — action of court.**

    6. It is held that the court's action in propounding certain questions to a witness does not constitute prejudicial error.

Opinion filed March 6, 1916.

From a judgment of the District Court of Foster County, *Coffey,* J., defendant appeals.

Affirmed.

*Edward P. Kelly,* for appellant.

In order for respondents to maintain their cause of action as pleaded, it was incumbent upon them to prove default in payment of the notes secured, or a breach of some condition of the mortgage. Madison Nat. Bank v. Farmer, 5 Dak. 285, 40 N. W. 345.

In the absence of a statute, no formal language is necessary to constitute a valid demand. Any language which is so clear that it makes known what is wanted, is sufficient. 9 Am. & Eng. Enc. Law, 2d ed. 7211; Sanford v. Duluth & D. Elevator Co. 2 N. D. 6, 48 N. W. 434; First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280, 91 N. W. 436; Best v. Muir, 8 N. D. 44, 73 Am. St. Rep. 742, 77 N. W. 95; Marshall v. Andrews, 8 N. D. 364, 79 N. W. 851; Towne v. St. Anthony & D. Elevator Co. 8 N. D. 200, 77 N. W. 608.

A party cannot, as a general rule, impeach or offer evidence to impeach his own witness. 30 Am. & Eng. Enc. Law, 2d ed. 1138, and cases cited.

After a proper demand has been made, the party upon whom it was made has a reasonable time in which to investigate the claim before being compelled to surrender the grain or refuse to do so. First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280, 91 N. W. 436; Singer Mfg. Co. v. King, 14 R. I. 511; Dowd v. Wadsworth, 13 N. C. (2 Dev. L.) 130, 18 Am. Dec. 567; Carroll v. Mix, 51 Barb. 212.

The proper filing of the chattel mortgage is what constitutes constructive notice of its existence. Comp. Laws 1913, § 6759.

The court should have instructed the jury as to what, under the law, would constitute a legal demand, since this was the sole contested issue. 9 Am. & Eng. Enc. Law, 2d ed. 7211.

If respondents ever had a lien upon the grain in question, by their acts and conduct toward same, and to and with defendant, they waived such lien. Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1.

To constitute conversion, all the elements, including a legal demand, must be clearly established. McArthur v. Dryden, 6 N. D. 438, 71 N. W. 125; Gull River Lumber Co. v. Osbrone-McMillan Elevator Co. 6 N. D. 276, 69 N. W. 691.

A mortgagee of grain who authorizes the mortgagor to sell and deliver same, and to collect the money therefor, waives his mortgage lien. Coughran v. Western Elevator Co. 22 S. D. 214, 116 N. W. 1122.

*Lee Combs* and *L. S. B. Ritchie,* for respondents.

Under the terms of the mortgage there was a default in its conditions, when the mortgagor disposed of the property, which gave the plaintiffs the right to possession, or, in case of conversion, to maintain action against the wrongdoer for its value. Ellestad v. Northwestern Elevator Co. 6 N. D. 88, 69 N. W. 44.

The issues here were for the jury, and, the jury having passed upon them, their determination is final. Coughran v. Western Elevator Co. 22 S. D. 214, 116 N. W. 1122, 7 Cyc. 50.

There is no legal evidence here of any consent by the respondents to a sale of the grain. First Nat. Bank v. St. Anthony & D. Elevator Co. 103 Minn. 82, 114 N. W. 265; Riley v. Conner, 79 Mich. 497, 44 N. W. 1040.

Consent by the mortgagee to a sale of the grain cannot be implied from the fact that the mortgagee did not take particular precaution to protect himself. His mortgage was properly filed. Endreson v. Larson, 101 Minn. 417, 118 Am. St. Rep. 631, 112 N. W. 628.

Where a witness is called for a party, and he discloses an attitude antagonistic to such party, he may be cross-examined or asked leading questions, at least to a degree allowed in the discretion of the trial court, under the circumstances disclosed to the court. State v. Cambron, 20 S. D. 282, 105 N. W. 241.

Where questions are propounded and objections are made and sustained, there can be no prejudicial error, even though the rulings may have been wrong, where the witness thereafter testified to all the facts sought to be shown by the questions excluded. Madson v. Rutten, 16 N. D. 281, 13 L.R.A.(N.S.) 554, 113 N. W. 872; McBride v. Wal-

lace, 17 N. D. 495, 117 N. W. 857; State v. Smith, 18 S. D. 341, 100 N. W. 740; Nystrom v. Lee, 16 N. D. 561, 114 N. W. 478.

The charge of the court must be considered as a whole, and error cannot be predicated on parts thereof, when the entire charge is not subject to the objection made. Buchanan v. Minneapolis Threshing Mach. Co. 17 N. D. 343, 116 N. W. 335.

No separated or isolated sentence or part of a charge can be selected and error predicated thereon. McBride v. Wallace, 17 N. D. 495, 117 N. W. 857; Gagnier v. Fargo, 12 N. D. 219, 96 N. W. 841.

If a party desires a more specific charge on any given point in issue, he should properly request same. Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972; Landis v. Fyles, 18 N. D. 587, 120 N. W. 566.

A written consent to sell a specific amount of the mortgaged grain for immediate use or accommodation of the mortgagor affords no proof of waiver of the mortgage, or a consent to the disposal of a larger amount of the grain covered by the mortgage. 34 Cyc. 1044; Riley v. Conner, 79 Mich. 497, 44 N. W. 1040; Ballinger Nat. Bank v. Bryan, 12 Tex. Civ. App. 673, 34 S. W. 451.

It was incumbent upon appellant to show that the specific grain it received from the mortgagor had been released from the effect of the mortgage. First Nat. Bank v. St. Anthony & D. Elevator Co. 103 Minn. 82, 114 N. W. 265.

CHRISTIANSON, J. This is an action to recover damages for the alleged conversion of certain grain covered by a chattel mortgage, executed and delivered to the plaintiffs by one Harper, the owner of the grain, and which grain was delivered and sold by said Harper in January, 1913, to the defendant at its elevator at Sykeston, in this state. The jury returned a verdict in favor of the plaintiffs for $1,021.96. Judgment was entered pursuant to the verdict, and defendant has appealed from the judgment.

(1) At the close of plaintiff's case in chief, defendant moved for a dismissal of the action. This motion was overruled and this ruling is assigned as error. The record shows that after the denial of such motion, defendant introduced considerable testimony, and the motion was not renewed at the close of all the evidence. Hence, under numer-

ous decisions of this court, the error, if any, in the denial of defendant's motion for nonsuit was waived by defendant. See Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000; Colby v. McDermont, 6 N. D. 495, 71 N. W. 772; Tetrault v. O'Connor, 8 N. D. 15, 76 N. W. 225; First Nat. Bank v. Red River Valley Nat. Bank, 9 N. D. 319, 83 N. W. 221; Ward v. McQueen, 13 N. D. 153, 100 N. W. 253; Madson v. Rutten, 16 N. D. 281, 13 L.R.A.(N.S.) 554, 113 N. W. 872. See also Pease v. Magill, 17 N. D. 166, 115 N. W. 260; McBride v. Wallace, 17 N. D. 495, 117 N. W. 867; Landis Mach. Co. v. Konantz Saddlery Co. 17 N. D. 310, 116 N. W. 333.

(2) Among the questions raised by defendant on this appeal is that the evidence is insufficient to sustain the verdict. This question was not raised in the court below either by motion for a directed verdict, or by motion for a new trial, but is presented for the first time on appeal. Under the rule announced by this court in Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366, 155 N. W. 861, the sufficiency of the evidence to sustain the verdict cannot be assailed for the first time in the appellate court, but this question must first be raised in some appropriate manner in the trial court.

(3) Certain errors are assigned upon rulings in the admission and exclusion of evidence. Many of the errors so assigned, however, really go to the question of the sufficiency of the evidence to establish various elements of plaintiff's cause of action, such as whether a sufficient demand was made upon the defendant; whether there was sufficient evidence of default in the payment of the notes secured by the mortgage; whether the evidence showed waiver on the part of the plaintiffs of the lien of their mortgage, and the amount of plaintiff's lien. No requests were made for instructions upon the specific questions, or at all; nor was the sufficiency of the evidence to sustain plaintiff's cause of action as a whole, or any specific element thereof, challenged in any manner in the trial court. And therefore under the rule announced in Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. supra, this question cannot be raised for the first time in this court.

(4) Certain assignments of error are predicated upon the instructions to the jury. The instructions assailed are as follows:—

(a) "It is incumbent upon the plaintiffs to show you that they have in this case a valid and special lien upon the property in question; that

it has not been paid or satisfied; that it covers the identical property in question. It is further incumbent upon them to establish by a fair preponderance of evidence that the same was delivered to this defendant, the price of the grain, that they have made a demand prior to the commencement of this action for the same of the defendant company, and that it has refused and neglected to deliver the same to the plaintiffs. If you find these issues in favor of the plaintiffs, then it will be your duty to find a verdict in favor of the plaintiffs in this action for such sum as you shall find that they have been damaged from the evidence."

(b) "If you find that the grain in question was the grain described in plaintiff's mortgage, and that it was delivered to the defendant elevator company, and that the plaintiff has made a demand upon the elevator company for the grain or the value thereof, prior to the commencement of this action, then your verdict should be in favor of the plaintiff for the value of the grain, as established by the evidence and as has been proven as the value thereof and the amount of the grain."

(c) "The fact that the plaintiffs have a chattel mortgage upon certain grain is constructive notice to all parties of the fact of the mortgage and of the lien."

Appellant's counsel contends that the chattel mortgage was not a valid lien upon the grain in question, unless defendant had either actual or constructive notice thereof. It is asserted that the instructions in question omit this essential element, and hence are erroneous. The testimony relative to the execution, delivery, and recording of the mortgage was undisputed. Hence, defendant could hardly be prejudiced by the instructions under consideration. We find, however, that the court also instructed the jury as follows: "There could be no conversion until the plaintiffs have shown that they had a mortgage which is filed for record, and that it covers the property in question, and that the same was delivered to the defendant company, and that plaintiff has made a demand for the particular property or for the value thereof." This court has repeatedly held that the instructions must be considered as a whole. When the instructions in this case are so considered, defendant has no cause for complaint.

(5) Defendant further complains because the trial court failed to instruct the jury and outline "certain rules and directions that would

serve and tend to guide them in determining what, under the law as found by the evidence before them, would constitute a proper and legal demand;" and that the court's instructions upon the question of whether plaintiffs waived the lien of their mortgage were incomplete in this that, while the court instructed as to the effect of plaintiff's express consent to, or direction of, a sale of the grain, it failed to instruct upon the proposition of implied consent or directions to make such sale. It is conceded that no requests were made for further or additional instructions. In absence of such requests, defendant is in no position to complain because the instructions were not sufficiently full and explicit. In considering the same question in McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261, 266, we said: "Even though the instruction complained of was not entirely perfect, this would not necessarily constitute reversible error, unless it further appears that the jury were misled thereby. For 'courts of error do not sit to decide moot questions, but to redress real grievances. It is therefore a rule of nearly all the courts that no judgment will be reversed on account of the giving of erroneous instructions, unless it appear probable that the jury were misled by them.' Thompson, Trials, § 2401. The defendant made no request for any further or additional instruction; and it is difficult to see how at this time it can be heard to say that the court should have further explained or qualified the instruction in question. Where an instruction is correct as far as it goes, error cannot be assigned on the ground that it was not sufficiently full or explicit, unless request is made for more specific and comprehensive instruction."

(6) Error is also assigned upon the action of the court and adverse party in the examination of one Evans. Evans had been employed by Harper and had hauled some of the grain covered by plaintiffs' mortgage. Evans was called as a witness by the plaintiffs, and while so testifying, the court propounded the following questions to him:—

Q. Are you telling us what you know about this matter here?

A. Yes, sir.

Q. Don't you remember this, any of these transactions at all?

A. Remember the flax was sold there, sold after December 6th I do not know, Harper sold same.

Q. Not asking about what was sold; when was it hauled?

A. I don't remember when it was hauled, I do not know the dates of it.

Q. Well, how much was hauled?

A. It was about 400 bushels in the bin.

Q. Do you know if that flax was hauled to the Occident elevator or not?

A. No, not up to the Occident elevator, no.

Defendant's counsel contends that plaintiffs' counsel knew that Evans had been subpœnaed as a witness for defendant, and that Evans was called as a witness by plaintiffs for the sole purpose of discrediting him with the jury before defendant had an opportunity to call him as a witness. Defendant particularly complains of the questions propounded by the court. At the time the court propounded these questions, Evans was testifying as a witness for the plaintiffs. There is nothing to indicate that the court had any knowledge of the fact that Evans had been subpœnaed as a witness for the defendant. Nor is there anything to indicate that the trial court's examination was conducted in an improper manner. The presumption is that the court's action was occasioned by a sense of duty, that it was actuated by proper motives, and properly conducted. The testimony of Evans (as defendant's counsel concedes) was not at all satisfactory, and the questions propounded by the trial court were apparently asked for the purpose of ascertaining, if possible, the truth with reference to the matter to which Evans had testified. The court's action in propounding these questions to Evans does not constitute prejudicial error. See 21 Enc. Pl. & Pr. 990.

The judgment must be affirmed. It is so ordered.