JOHN LOFTHOUSE, Respondent, v. GALESBURG STATE BANK, a corporation, Appellant.

(188 N. W. 585.)

Appeal and error — error cannot be based on refusal to direct verdict at close of plaintiff's case unless renewed at close of evidence.

1. No error can be predicated on the denial of a motion for a directed verdict made at the close of plaintiff's case, unless such motion is renewed at the close of all the evidence.

Appeal and error — court's reference to witness as hostile, where explained as a reference to erroneous admission of witness' letter, held not prejudicial error; instruction that party holding storage tickets might be held for conversion and refusal to instruct that plaintiff must have demanded grain and had demand refused to make defendant liable for conversion held not error.

2. Errors assigned upon instructions, given and refused, and upon rulings on the admission of evidence, are considered found to be nonprejudicial.

Opinion filed May 12, 1922.

From a judgment of the District court of Traill county, *Cole*, J., defendant appeals.

Affirmed.

*I. A. Acker,* for appellant.

"The sale and delivery alone does not constitute a conversion of the property. It becomes necessary in order to show conversion that a demand and refusal to deliver should be shown." Sanford v. Duluth and Dak. Elev. Co. 2 N. D. 14; Bank v. Elevator Co. 11 N. D. 286; Cit. Nat. Bank v. Osborne, McMillan Elev. Co. 21 N. D. 335; Towne v. St. Anthony & Dak. Elev. Co. 8 N. D. 200; Bank v. Elev. Co. 11 N. D. 287; Best v. Muir, 8 N. D. 44; Marshal v. Andrews, 8 N. D. 364.

Under the law, the elevator could comply with its obligations to the owner or person entitled to possession by delivering to such person an equal quantity of wheat of like grade, and only uopn a demand by the person entitled to the possession thereof, and a refusal on its part would it be liable for conversion. No different rule could be applied to the defendant bank in this action in case it had bought the wheat Bank v. Elev. Co. 11 N. D. 287; Best v. Muir, 8 N. D. 44; Marshal v. Andrews, 8 N. D. 264; Towne v Elev. Co. 8 N. D. 200; Sanford v. Elev. Co. 2 N. D. 6.

*Spalding & Shure,* for respondent.

"A demand followed by refusal is only evidence of a conversion." More v. Burger et al., 15 N. D. 345; Taugher v. N. P. Ry. Co. et al., 21 N. D. 111.

"Demand was unnecessary under the well established principle that it would have been unavailing." and in the syllabus it is said that "demand and refusal need not be made before the commencement of the action in case a demand would be obviously unavailing, as when, by pleading and proof, the property is shown to be detained under a claim of absolute right." When it has passed beyond the control of defendant, a demand would likewise be unavailing. See also Consolidated Land and Investment Co. v. Hawley, 7 S. D. 229; Taply v. Forbes, 84 Mass. 20; Crampton v. Valido Marble Co. 60 Vt. 291; Hahn v. Sleepy Eye Mill Company, 21 S. D. 324.

Demand is not necessary when conversion can otherwise be shown. Crampton case, 2 M. A. L. 93; 26 R. C L. 1123, note 10; 21 Enc. Pl. & Pr. 1083; 38 Cyc. 2071; 38 Cyc. 2032, notes 76 and 84.

And the sale constitutes a conversion.

CHRISTIANSON, J. This is an action for the alleged conversion of certain wheat on which plaintiff claims a lien by virtue of the provisions of a written contract. The case was tried to a jury, and plaintiff recovered a verdict in the sum of $204. Judgment was entered pursuant to the verdict, and the defendant has appealed from the judgment.

The first contention advanced by the defendant on this appeal is that the court erred in refusing to direct a verdict in his favor. The contention cannot be sustained. The record shows that, when plaintiff rested in chief, defendant moved the court to direct a verdict in its (defendant's) favor. This motion was denied. Thereupon defendant proceeded to introduce its evidence. The motion for a directed verdict was not renewed at the close of all the evidence. It is the settled rule in this state that the error, if any, in denying a motion to direct a verdict for the defendant, made at the close of plaintiff's case, is waived or cured unless it is renewed at the conclusion of all the evidence. The rule was first announced in Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000, and has been reaffirmed in many cases. See Illstad v. Anderson, 2 N. D. 167, 49 N. W. 659; Moore v. Booker, 4 N. D. 543, 62 N. W. 607; Colby v. McDermont, 6 N. D. 495, 71 N. W. 772; Tetrault v. O'Connor, 8 N D. 15, 76 N. W. 225; Garland v. Keeler, 15 N. D. 548, 108 N. W. 484; Madson v. Rutten, 16 N. D. 281, 113 N. W. 872, 13 L. R. A. (N. S.) 554; McBride v. Wallace, 17 N. D. 495, 117 N. W. 857; Pease v. Magill, 17 N. D. 166, 115 N. W. 260; Landis Mach. Co. v. Konantz Saddlery Co., 17 N. D. 310, 116 N. W. 333; Buchanan v. Occident Elev. Co., 33 N. D. 346, 157 N. W. 122; Halverson v. Lasell, 33 N. D. 613, 157 N. W. 682. No motion for a new trial was made. Hence the sufficiency of the evidence to sustain the verdict may not be reviewed by the Supreme Court. Horton v. Wright, Barrett & Stilwell Co., 43 N. D. 114, 174 N. W. 67.

The grain which is claimed to have been converted was produced by one Eggers upon land belonging to the plaintiff. And the plaintiff claimed a lien thereon by virtue of the provisions of the written contract under which Eggers cropped the premises. Eggers was called as a witness by the plaintiff. During his examination the trial court in explaining certain rulings stated that Eggers was a hostile witness. It is contended that this remark constituted prejudicial error. After a careful examination of the record, we are unable to see wherein this remark could have prejudiced the defendant. When defendant's counsel excepted to such remarks, the trial court specifically stated to the jury that he did not mean to imply that there was any actual hostility, but merely that there was a

diversity or hostility of interest.

Error is also predicated upon the admission in evidence of a certain letter written by Eggers to the plaintiff. We are inclined to agree with defendant's counsel that this letter was admissible, but we are unable to see wherein the defendant could have been prejudiced by its admission.

Error is also assigned upon certain instructions. The evidence in this case did not show that the defendant received any wheat at all, but merely that it received some storage tickets. And it is contended that a party who has received and holds such tickets cannot be held liable for a conversion of the grain for which the tickets were issued. The rule contended for was declared by some early decisions of this court; but those decisions were in effect overruled by Dammann v. Schibsby Implement Co., 30 N. D. 15, 151 N. W. 985. And the instructions to which exception is taken were not erroneous under the rule announced in the case last cited.

The defendant requested the court to instruct the jury that the plaintiff could not recover "unless it has been proven by the plaintiff that the grain was demanded from the defendant and that the defendant refused to deliver the same." That "only upon a demand by the plaintiff and a refusal on the part of the defendant would the defendant be liable for conversion." Under the evidence in this case we do not think the plaintiff was entitled to have the instruction given. See More v. Burger, 15 N. D. 345, 107 N. W. 200. See, also Dammann v. Schibsby Implement Co., supra.

Certain errors are also assigned upon rulings on certain questions propounded to witnesses. Little or no argument is presented in support of these assignments. We have, however, examined them all, and are unable to see wherein defendants could have been prejudiced by such rulings.

It follows from what has been said that the judgment appealed from must be affirmed. But in view of the state of the record, and in order that the rights of the defendant may be fully protected, such affirmance is without prejudice to the right of the defendant to present a motion for a new trial in the trial court. Respondents will recover the costs on this appeal.

BIRDZELL, J., concurs.

ROBINSON, J., concurs in the result.

BRONSON, J. (specially concurring). I concur in the affirmance of the judgment. The appellant complains that the trial court erred in refusing to direct a verdict for the reasons that the plaintiff had failed to prove any demand; that the evidence failed to establish that the defendant, at any time, converted any grain belonging to one Eggers, or that it had taken any grain from plaintiff's possession; and that no evidence was introduced to prove the value of the grain alleged to have been converted. I am of the opinion that, in any event, the trial court did not err in refusing to direct such verdict upon such stated grounds.

Otherwise, I concur in the opinion of Mr. Justice Christianson.

GRACE, J. (dissenting in· part and concurring in part). Section 7843, C. L. 1913, provides:

"No motion for a new trial shall be necessary to obtain, on appeal, a review of any questions of law or of the sufficiency of the evidence, unless, before the taking of the appeal, the judge shall· notify counsel of the party intending to take the appeal that he desires such motion to be made."

On the merits of the case, I concur in the result arrived at in the majority opinion.