C. C. LEONARD, Respondent, v. RALEIGH CO-OPERATIVE MERCANTILE COMPANY, a Corporation; William Nultemeier, Harry N. Fisher and Harry L. Benson, Appellants.

(196 N. W. 102.)

**Bills and notes — finding of presentment and notice of dishonor sustained by evidence.**

1. In an action upon a promissory note against certain accommodation indorsers before delivery, it is *held*, for reasons stated in the opinion, that the evidence is sufficient to support the verdict concerning presentment and notice of dishonor.

Note.—(1) Banking customs as to demand and notice, see note in 21 L.R.A. 441; 3 R. C. L. 1198, 1221, 1327; 1 R. C. L. Supp. 1008; 5 R. C. L. Supp. 223.

(2) Conditional delivery of bill or note, see notes in 43 L.R.A. 480; 45 L.R.A. 343; 18 L.R.A.(N.S.) 288; L.R.A.1917C, 306; 20 A.L.R. 424; 3 R. C. L. 861; 1 R. C. L. Supp. 905; 4 R. C. L. Supp. 218.

(4) Denial of request for directed verdict, see 26 R. C. L. 1083; 3 R. C. L. Supp. 1492.

**Bills and notes — conditional delivery held for jury.**

  2. That the question of conditional delivery was for the jury.

**Evidence — held sufficient.**

  3. That the trial court did not err in its instructions.

**Trial — denial of directed verdict not available where appellants thereafter adduced testimony.**

  4. That pursuant to chapter 335, Laws 1923, defendants may not predicate error upon an order denying a motion for a directed verdict made at the close of plaintiff's case upon error then existing but subsequently cured, when defendants have thereafter adduced their testimony.

  Opinion filed November 16, 1923.   Rehearing denied December 8, 1923.

  Bills and Notes, 8 C. J. §§ 336 p. 207 n. 21; 1352 pp. 1036 n. 92, 1039 n. 6, 1040 n. 18; 1364 p. 1055 n. 77; 1373 p. 1061 n. 53; 1390 p. 1069 n. 62; 1394 p. 1072 n. 89.  Trial, 38 Cyc. pp. 1590 n. 49; 1591 n. 50; 1778 n. 73; 1779 n. 75.

  In District Court, Grant County, *Berry*, J.

  Action on promissory note.

  Affirmed.

  *Jacobsen & Murray*, for appellants.

  "The fact of presentment was established by a certificate in a general way, but not definitely.   Whether the presentment was made at a right place was not stated nor established thereby.   The certificate showed some kind of a presentment, but one not necessarily legal or proper under the statute.   The bare allegation that the note was presented for payment is not equivalent to certifying that the note was presented at the place where it should have been done.   The certificate of the notary is evidence only of facts stated therein, and it will not be enlarged by indulging in presumptions.   The facts must be stated, and, if stated, the certificate is prima facie evidence that the facts properly a part of such certificate are true."   Nelson v. Grondahl (N. D.) 100 N. W. 1093; Union Nat. Bank v. Williams Mill. Co. (Mich.) 76 N. W. 1.

  "The indorsement of a promissory note creates no obligation of itself, and the indorser is not liable until presentment to the maker and

notice to the indorser of such presentment." Sawyer State Bank v. Sutherland, 36 N. D. 493.

"The deposit, however, of a notice of dishonor in a private letter box of a private postoffice, is not a deposit in the postoffice, and notice so mailed would not be sufficient unless received." 8 C. J. 673, § 947; 10 Misc. 343, 31 N. Y. Supp. 29; 29 Cyc. 1123.

"A party relying upon service of a notice by mail must follow the state, complying with the requirements of the statute." Smith v. Smith, 4 Greene (Iowa) 266.

"A promissory note delivered by a person who has executed the same upon the express condition that such note shall not be deemed the note of the party so executing it, or as delivered, unless it is also executed by another person as a comaker, cannot be enforced by the payee against the person so executing it, unless also executed by the other person so named in the condition as a comaker." First Nat. Bank v. Kelly, 30 N. D. 84; Dimock State Bank v. Boehnen (S. D.) 190 N. W. 485; First Nat. Bank v. Davidson (N. D.) 188 N. W. 194; Marlatt v. Couture (N. D.) 162 N. W. 582; Vogel v. Osborne (Minn.) 20 N. W. 129; Salo v. Duluth I. R. R. Co. (Minn.) 140 N. W. 188; Ralph v. Hensler (Cal.) 45 Pac. 1062; Miles v. Woodward (Cal.) 46 Pac. 1077; Schuh v. R. H. Herron Co. (Cal.) 169 Pac. 682; 133 U. S. 473, 33 L. ed. 674, 62 U. S. 397, 16 L. ed. 115; Horton v. Emerson, 30 N. D. 258; Leistikow v. Zuelsdorf (N. D.) 122 N. W. 340.

The mere signing of the name on the back of a note creates no liability at all. See Sawyer State Bank v. Sutherland, 30 N. D. 493.

*Sullivan, Hanley & Sullivan,* for respondent.

"It is well settled that the facts stated in the certificate of protest of promissory notes may be supplemented by other facts that transpired, and that such other facts may be shown by the oral testimony of the notary or by other testimony." Nelson v. Grondahl, 13 N. D. 363, 100 N. W. 1093.

"Where a bill or note merely designates a particular city at large as the place of payment, without naming any particular place therein, the paper should be presented in such city at the residence or place of business of the maker if he has any." 8 C. J. § 768, p. 553.

"The rule established by the weight of authority is that, where no particular place of payment is designated in a bill or note, it is neces-

sary in order to charge the drawers and indorsers, to present the same either to the maker or to the acceptor personally or at his residence or place of business, if he has one and it is known or can be ascertained by the exercise of reasonable diligence, and that either is sufficient." 8 C. J. § 769, p. 553.

"In absence of acceptor or maker presentment of a bill or note at the maker's or acceptor's residence or place of business is sufficient although he may be temporarily absent, and his absence is no excuse for not presenting it there, the presumption being that he has left some one there to pay or answer a demand." 8 C. J. § 770, p. 555.

"Where no time of payment is stated it will be presumed to have been made in reasonable business hours." 8 C. J. § 1325, p. 1017. Columbian, etc. v. Bowen, 134 Wis. 218, 114 N. W. 451.

"Oral testimony is admissible to show facts occurring on the presentment of a note for payment which are not stated in the notary public's certificate." Nelson v. Grondahl, 13 N. D. 363, 100 N. W. 1093.

"The witnesses' invariable practice was proper evidence to sustain and to supplement the statement of the certificate that presentment had been made." Nelson v. Grondahl, 13 N. D. 363.

Where a notary public's certificate shows he has mailed notice of protest a prepayment of postage as required by postoffice regulations will be presumed. Brooks v. Day, 11 Iowa 46; Pier v. Heinrichschoffen, 67 Mo. 163, 29 Am. Rep. 501; National Butchers, etc., Bank v. DeGroot, 43 N. Y. supra, 341.

"The answer was competent evidence of an admission contained therein where it was shown by the defendant himself that it was incorporated in his answer with his knowledge and consent." Horton v. Emerson, 30 N. D. 259; Schuh v. P. H. Harron Co. 169 P. 882; 133 U. S. 473, 33 L. ed. 674, 62 U. S. 397, 16 L. ed. 113; Leistikow v. Zulsdorf, 122 N. W. 340.

Notary's certificate is favored by every intendment Kupferberger v. Horowitz, 52 Misc. 488, 102 N. Y. Supp. 502.

Statement.

BRONSON, C. J. This is an action upon a promissory note. Defendants have appealed from the judgment, and from an order denying a

motion for judgment non obstante, or, in the alternative, for a new trial. The facts are: In July, 1915, plaintiff owned certain merchandise and store fixtures at Raleigh, North Dakota. Through the efforts of one Strain, the defendant company was organized and negotiated with plaintiff for the purchase of the merchandise and fixtures. A sale was made; the merchandise and fixtures were delivered to the company. Strain was employed as the company's manager. As a part of the purchase price, defendant company made to plaintiff the note involved, dated September 1st, 1915, for $1,000 due October 16th, 1916, at Raleigh, North Dakota. This note was indorsed, before delivery to plaintiff by defendant Nultemeier, a director, by defendant Fisher, a stockholder, by defendant Benson, secretary of the company, by Strain, the manager and by one Bosworth, a farmer. The manager, Strain, secured the indorsers to the note. Later, on May 29th, 1916, by an instrument in writing between Strain and defendant company, Strain relinquished his position as manager and was released from all obligations as indorser. This agreement was signed by defendants Nultemeier and Benson, and other directors of defendant company. When the note became due, one Tavis, a notary public, presented the note to the maker for payment, protested the note for nonpayment and gave notice of dishonor to the indorsers, as appears by his certificate thereof. This action was instituted in September, 1918, against defendant company and defendants Nultemeier, Fisher and Benson, three of the indorsers on the note. Defendants Nultemeier, Fisher and Benson answered. In an amended answer they alleged conditional delivery of the note, nonpresentment and no notice of dishonor, discharge by release of the indorser Strain, breach of warranties in the sale of the merchandise, want and failure of consideration.

The defendant company went into bankruptcy. Plaintiff filed his claim in bankruptcy. Before the second trial of this action, this appeal involving the second trial, plaintiff received a dividend of 20 per cent upon his claim. The notary's certificate of presentment and notice of dishonor does not show the place where the note was presented. Otherwise the certificate is regular in form. The notary, in rebuttal, testified to the effect that he presented the note to defendant company at Raleigh, North Dakota, to someone in charge of the store there; that the notices of dishonor, duly enveloped, sealed, and stamped were de-

posited in a mail box at a bank; that he does not recall specifically whether he deposited the same in the postoffice but it was the custom of the bank to deposit the mail in the mail box once or twice daily; that the notices of dishonor so mailed were never returned.  Defendants contend that the proof is insufficient to show presentment at a specified place, identification of the note presented, and due mailing of the notices of dishonor.  Defendants offered evidence to the effect that the note involved was signed by the indorsers with the understanding and knowledge of the plaintiff that there should be secured before delivery, as indorsers, all of the directors of the defendant company and three, or more additional signers; that, pursuant to plaintiff's suggestions and directions, Strain was the person who did secure the indorsers and was supposed to secure the other indorsers required.  Plaintiff gave testimony to the effect that his only understanding or agreement was that he would accept notes signed by individuals that were acceptable to him; that Strain did not secure indorsers for him and was not his agent.  The trial court submitted to the jury the issue of conditional delivery and of the understanding or agreement of the parties.  Defendants contend that the evidence discloses, as a matter of law, conditional delivery.  Defendant further contends, that the release of Strain, as indorser, operated to release all of the indorsers since the notes were primarily indorsed upon an agreement and understanding for conditional delivery.

During the course of the trial there was received in evidence the original answer over defendant's objection.  This original answer did not incorporate therein the defense of conditional delivery.  Upon cross-examination of one of the defendants' witnesses, plaintiff sought to establish in evidence that defendants had disclosed their defenses to their attorneys when the original answer was presented.  Attempts were made to elicit the fact that the issue of conditional delivery, injected in the amended answer about a year and a half later, was an afterthought.  Plaintiff maintains that the original answer was offered merely to show lack of good faith and not as an admission.  Defendant contends that the admission of this answer was prejudicial error.

Defendants complain of instructions which failed to designate all of defendants' defenses; which charged the liability of accommodation endorsers without including the element of delivery; which charged, in-

the language of the statute (Comp. Laws, 1913, § 6990) concerning the giving of notices of dishonor by mail, without mentioning the necessity of postage upon letters.

Error is also predicated upon instructions which submitted the issue of conditional delivery without including instructions upon delivery and upon the question of Strain being an agent of plaintiff in securing the indorsers. Error is also predicated upon the refusal of the trial court to grant defendant's motion for a directed verdict made at the close of plaintiff's testimony at which time oral proof concerning the place of presentment by the notary had not been received. This contention is made upon the ground that defendants are entitled, pursuant to Chap. 335, Laws 1923, to rely upon the state of the evidence at the time when the motion was made although subsequently proof was introduced which obviated the effect of such motion.

## Decision.

The evidence is sufficient to support the verdict of due presentment and notice of dishonor. The certificate of protest was appropriate, though not required, and was prima facie evidence of its contents. Comp. Laws, 1913, §§ 842, 7003; Neg. Inst. Act, § 118. The oral proof concerning the presentment and mailing of the notices of dishonor was properly received. Nelson v. Grondahl, 13 N. D. 363, 100 N. W. 1093; Central Nat. Bank v. Stoddard, 83 Conn. 332, 339, 76 Atl. 472. It was for the jury to determine whether the note, in fact, had been presented, pursuant to the certificate and oral testimony of the notary, and whether due mailing was made of notices of dishonor as required by statute. Comp. Laws, 1913, §§ 6989, 6990, 6991 (Neg. Inst. Act, §§ 104–106) Crawford's Anno. Neg. Inst. Law, p. 180.

Upon the record we are not prepared to hold, as a matter of law, that there was an agreement and understanding between plaintiff and endorsers that a certain number of indorsers should be secured upon the note and that the note was conditionally delivered for such purpose. It was necessary for defendants to establish the fact of a conditional delivery as well as the fact of an agreement between the indorsers for a conditional delivery. Upon the record the fact of a con-

ditional delivery was for the jury. See note in 45 L.R.A. 347; 8 C. J. 207; Comp. Laws, 1913, § 6901 (Neg. Inst. Act, § 16). The contention made concerning the release of Strain as indorser, as being a release of the other indorsers, is without merit. We are fully agreed that the admission of the original answer, under the circumstances, did not constitute prejudicial error. The contentions made by defendant concerning the instructions of the trial court, when considered in connection with all of the instructions given, are without merit and require no discussion. The attempt of defendants to predicate error through denial of their motion for a directed verdict made at the close of plaintiff's case upon defects of proof then existing but afterwards supplied after defendants had submitted their defense is wholly without merit. It has consistently been the rule of practice in this state that a defendant who introduces his testimony after an order overruling his motion for a directed verdict made at the close of plaintiff's case cures the error then existing, if any. The only exception is that, if he renews such motion at the close of all of the testimony, he may secure thereby a review of the entire case and of any error existing in the entire record. See Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000; First Nat. Bank v. Red River Valley Nat. Bank, 9 N. D. 319, 322, 83 N. W. 221; Colby v. McDermont, 6 N. D. 495, 71 N. W. 772; Ward v. McQueen, 13 N. D. 153, 155, 100 N. W. 253; Halverson v. Lasell, 33 N. D. 613, 157 N. W. 682; Scott v. State, 37 N. D. 90, L.R.A.1917F, 1107, 163 N. W. 813; Buchanan v. Occident Elevator Co. 33 N. D. 346, 157 N. W. 122. Chapter 335, Laws 1923, requiring the court, when objection is made, to overrule such motion and submit the cause to the jury does not change this rule of practice.

The order and judgment are affirmed.

BIRDZELL, NUESSLE, CHRISTIANSON, and JOHNSON, JJ., concur.