## E. H. HALVERSON v. M. C. LASELL.

(157 N. W. 682.)

**Verdict — refusal to direct — close of plaintiff's case — motion for — by defendant — evidence after — by defendant — renewal of motion — must be — error.**

1. Error cannot be predicated upon a refusal to direct a verdict at the

close of plaintiff's case, when testimony is thereafter offered by defendant, unless the motion is renewed at the close of all the testimony.

**Jury — instructions of court.**

2. Certain instructions to the jury considered and *held* nonprejudicial.

**Instructions — correct as given — incomplete — more specific — more comprehensive — request for — must be made.**

3. Where an instruction is correct as far as it goes, error cannot be assigned on the ground that it is not sufficiently full or explicit, unless request is made for more specific and comprehensive instruction.

**Witness — questions — objections — sustained — error — curing — full testimony on same matters.**

4. The error, if any, in sustaining objections to questions propounded to a witness is cured where the witness elsewhere in his testimony is permitted to testify fully upon the matters covered by such questions.

Opinion filed April 10, 1916.

From a judgment of the County Court of La Moure County, *Lynch,* J., defendant appeals.

Affirmed.

*S. E. Ellsworth,* for appellant.

In conversion, if the act which deprived plaintiff of his goods was authorized by him, or was performed for his benefit or for the benefit of some third person, or was otherwise lawful on defendant's part, he cannot be held liable in trover without proof of an intent to convert the property to his own use. To constitute conversion there must be a positive tortious act. 38 Cyc. 2005, 2010; 8 Wait, Act. & Def. 1194; Bolling v. Kirby, 90 Ala. 215, 24 Am. St. Rep. 789, 7 So. 914; Terry v. Birmingham Nat. Bank, 30 Am. St. Rep. 87, and note, 93 Ala. 599, 9 So. 299; 2 Kinkead, Torts, § 582; Tinker v. Morrill, 39 Vt. 477, 94 Am. Dec. 345; Magnin v. Dinsmore, 70 N. Y. 417, 26 Am. Rep. 608; Bigelow Co. v. Heintze, 53 N. J. L. 69, 21 Atl. 109; Taugher v. Northern P. R. Co. 21 N. D. 111, 129 N. W. 747; Citizens' Nat. Bank v. Osborne-McMillan Elevator Co. 21 N. D. 335, 131 N. W. 266.

To constitute conversion, the assumption and exercise of the right of ownership must be in direct derogation, denial, and defiance of the rights of the owner. Taugher v. Northern P. R. Co. 21 N. D. 111, 129 N. W. 747; Citizens' Nat. Bank v. Osborne-McMillan Elevator Co. 21 N. D. 335, 131 N. W. 266.

An asportation of goods is not in itself a sufficient assertion of ownership to constitute conversion, unless prompted by an intent to deprive the owner either of his property or the possession thereof. 38 Cyc. 2010, 2018.

It is the province of the jury to pass upon the credibility of the witnesses, and they may disregard the testimony of a witness who has neither been impeached nor contradicted, if they believe his statements untrue, from his manner of testifying, his apparent bias and prejudice towards the opposite party, or from his interest in the litigation. Houston, E. & W. T. R. Co. v. Runnels, 92 Tex. 305, 47 S. W. 971; Seckerson v. Sinclair, 24 N. D. 625, 140 N. W. 239.

On the question of what constitutes conversion, the charge of the court is clearly incomplete and fails to fully define to the jury the elements necessary to constitute conversion, and leaves much for the jury to conjecture. It is the duty of the court to charge fully upon all material points of law, as an aid and enlightenment to the jury, upon the questions before them. Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1; Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224.

*Hutchinson & Lynch,* for respondent.

Where a person exercises rights and authority over the property of another, in moving and putting alterations thereon without authority from the owner and not made for his benefit, such acts are presumed to be intended or immaterial. 38 Cyc. 2010, 2159, and 2081.

Where property is left by the owner in the possession of another for certain purposes, and such other person thereafter uses the property contrary thereto, and in a manner in defiance of the owner's rights, the original consent of the owner to possession merely will not avail him in an action for conversion resulting from his wrongful acts. 38 Cyc. 2074, 2107, 2109; Bacon v. Hooker, 173 Mass. 554, 54 N. E. 253; Hahn v. Sleepy Eye Mill. Co. 21 S. D. 324, 112 N. W. 843; More v. Burger, 15 N. D. 345, 107 N. W. 200.

CHRISTIANSON, J. In the year 1908, plaintiff entered into an arrangement with the defendant, whereby plaintiff was permitted to construct a dwelling house upon a plot of ground within the city of La Moure, owned by the defendant. Plaintiff thereafter constructed

the house and occupied the same as a dwelling until in the fall of 1910, when he removed to Morton county in this state. Prior to plaintiff's removal, some negotiations were had between him and one Mills for the sale of this house to Mills. A price was agreed upon, promissory notes were executed by Mills, and a bill of sale conveying title to the building was executed by the plaintiff. These papers, however, were not delivered, but were placed with the cashier of a bank at La Moure until such time as Mills furnished certain securities. The understanding at the time of the sale negotiations was that Mills should remove the house to another location as soon as he could. Mills failed to furnish the securities, and the papers were never delivered. On May 15, 1911, the defendant, Lasell, wrote plaintiff in part as follows: "Now Mills is unable to move the house he has no money, and can do nothing. I am already breaking upon this land, and will have to move the building myself, and shall move it upon a stone foundation upon my own property and retain it until the full satisfaction of all claims, unless I hear from you by return mail. The house is in my possession, I have the deed for it, and I am going to move it at once. I desire to hear from you, however, and get the matter straight so far as you are concerned if possible."

Whereupon the plaintiff sent the keys to the house to Mills by mail, and also wrote Mills the following letter: "As Lasell wrote me telling me to move the building, I will write and ask you to move it as he has all ready ordered it moved, as I am coming back as soon as I can get away."

After the receipt of this letter, Mills and Lasell had a conversation in which the moving of the house was discussed, and in which Mills informed Lasell that he did not have time to move the house if it had to be removed right away, and that he (Lasell) would either have to move it himself or get it done. During this conversation, Mills turned over to Lasell the letter which he had received from plaintiff, together with the keys to the house. Thereupon, in the latter part of May, 1911, defendant moved the house off his property and into the street adjacent thereto, where it remained until about May 30, 1912.

The proposed deal between plaintiff and Mills was never consummated, and some time in the latter part of September, 1911, the papers were destroyed and the deal terminated by mutual consent. Mills testi-

fied that he informed the defendant, Lasell, of this fact shortly thereafter. The defendant owned some lots in another part of the town site, and about May 30, 1912, he again moved the house and placed the same on these lots. He took out one end of the house and added to it materially, constructed a full basement under it, and in general made it into a modern dwelling house, apparently permanently located on a fixed and substantial foundation. Defendant thereupon rented the house to a tenant, and continued to receive rent from the tenant up to the time of the trial. There is no contention that defendant had any authority from anyone to alter or remodel the building, nor is there any claim that he received any authority to move the building the second time. In fact defendant rests his authority upon the permission received from Mills in May, 1911, and an alleged claim for leveling off and cleaning up the premises from whence the house was moved. Plaintiff instituted the present action for damages sustained by defendant's acts. The same came on for trial before a jury, and resulted in a verdict in plaintiff's favor. Judgment was entered pursuant to the verdict, and defendant has appealed from such judgment.

Plaintiff's complaint, as amended upon the trial, alleged:

"I. That on the 7th day of June, 1911, the plaintiff was the owner and lawfully possessed of the following described property:

"One frame house eighteen (18) feet by twenty-four (24) feet in size and one and one-half (1½) stories high, which upon said date was situated upon lots twenty-one (21) and twenty-two (22) in block fourteen (14) of the eastside addition to the city of La Moure, county of La Moure, and state of North Dakota, and which was worth and of the value of $600.

"II. That on or about the 7th day of June, 1911, the defendant unlawfully took possession and moved away said house, moving it at that time upon one of the streets in the city of La Moure, and later and on or about the 30th day of May, 1912, said defendant moved said building upon his lots in block twenty-nine (29) of the original plat of the said city of La Moure, and converted said property to his own use to the damage of the plaintiff in the sum of $600."

The defendant's answer, aside from a general denial, consisted of certain counterclaims, which are not material on this appeal. No error is assigned upon rulings with respect to the sufficiency of the pleadings.

(1) Appellant's first assignment of error assails the court's ruling "in denying the motion of defendant's counsel, made at the close of plaintiff's testimony, that the jury be directed to render its verdict against the plaintiff and in favor of the defendant." The record shows that after the denial of such motion defendant introduced considerable testimony in his defense, and that plaintiff introduced further testimqny in rebuttal. The record also shows that the motion was not renewed at the close of all the evidence. Hence, under numerous decisions of this court, the error, if any, in the denial of defendant's motion for a directed verdict at the close of plaintiff's case in chief, was waived. See Buchanan v. Occident Elevator Co. ante, 346, 157 N. W. 122, and authorities therein cited.

(2) The next assignment of error is predicated upon alleged error in the court's instructions to the jury. The instructions assailed are as follows:

1. "I instruct you that conversion would be any unauthorized assumption and exercise of the right of ownership over the building in question by the defendant."

2. "The defendant is charged with taking the building and moving it to his own property in another section of the city, and I instruct you that such taking and moving by the defendant in law constitutes a conversion unless the moving and taking away were authorized by the plaintiff, or by a third party, either the rightful owner of the building, or one who claimed ownership under the plaintiff, and the plaintiff's situation and conduct were such that defendant was led to believe such third person to be the owner."

3. "Before you can find for the plaintiff on the question of conversion, you must be satisfied by a fair preponderance of the evidence that plaintiff was the rightful owner at the time of such conversion; and that defendant took and moved the said building without his authority expressly given."

4. "The source of claim of ownership by Mills cannot avail the defendant unless made under circumstances known and assented to by plaintiff. The plaintiff must have done something or omitted to have done something which caused the defendant to, in good faith, purchase said building from Mills, believing it to be the property of said Mills, and convert the same to his own use, if you find that he did purchase it.

By good faith I mean that defendant must have had no knowledge of any facts or circumstances which would have caused a reasonably prudent man to inquire into the same before acting."

The principal complaint made of these instructions is that they are deficient in character, and do not embody all the essential elements of a conversion. No request was made for additional instructions.

Bouvier (Bouvier's Law Dict.) defines conversion: "An unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights."

Cooley (Cooley, Torts) says: "Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion." See also 21 Enc. Pl. & Pr. 1014.

The testimony is undisputed that Mills delivered the keys to the house to the defendant solely for the purpose of enabling defendant to have the house moved so that defendant could break the land on which the house was then situated. It is also undisputed that the deal between Mills and Halverson was never consummated, but that all papers between them were destroyed in the latter part of September, 1911. Defendant admits that some time thereafter he was informed of this fact, and that long prior to moving the house the second time he had knowledge of the fact that Halverson claimed to be the owner of the house, and that Mills had no interest therein. Possessed of this knowledge, the defendant went on and wilfully took the house and moved it upon his own lots, tore out one end, and constructed an addition thereto, and generally converted it into a different building.

Defendant testified in part upon the trial as follows:

Q. You directed the moving of it?

A. Yes, sir.

Q. And you set it there on a foundation, did you?

A. I caused it to be placed upon a foundation.

Q. You remodeled it did you?

A. I converted it into a house.  .  .  .

Q. And you now claim the ownership of this building, do you?

A. I have it.

Q. Did you purchase it from Mr. Mills?

A. Yes; there was some debt for cleaning up around the premises which Mills and Halverson had agreed to pay, and Mills gave me the building.

Later on, however, in his testimony the defendant testified as follows:

Q. If you had any claim at all at the time, it was for this cleaning up you speak of around the building?

A. Yes. And the use of the property which he used belonging to me in 1910, the pasture and the use of the land upon which the house stood in 1910.

The defendant also testified:

Q. You took it and moved it twice?

A. I moved it twice.

Q. You now have placed it on your own lands and claim the house as your own?

A. It is still in my possession; yes, sir.

Q. And enlarged it and made a dwelling house out of it?

A. I am renting it now.

When the instructions assailed are considered in connection with all the instructions given and the evidence received upon the trial, defendant has no cause for complaint.

Error is also assigned upon the following instruction:

(5) "Now, gentlemen, you are the sole judges of the facts and of the credibility of the witnesses, the weight and value of the testimony. And you will give the evidence and witnesses such weight as you believe it is entitled to under the facts and circumstances of the case. And you have a right to consider the witnesses on the stand, their demeanor, and the means of knowing the facts to which they testify; their knowledge of the circumstances, the probability and the reasonableness of the statements that have been made by them; and it is your province to reconcile the testimony, and, if there are any conflicts in the testimony, you must reconcile them, if it is possible to do so. If not, you can believe or disbelieve any of the witnesses, as you may or may not think them entitled to credit; and if any find that any witness has wilfully

testified falsely as to any material matter in the case, then you are at liberty to hold and disregard or discredit all of their testimony or such parts as are not corroborated or sustained by other credible testimony."

It is asserted that the following statement is erroneous: "And it is your province to reconcile the testimony, and if there are any conflicts in the testimony you must reconcile them, if it is possible to do so." We do not approve of this instruction, but are not prepared to say that it is necessarily prejudicial.

"Even though the instruction complained of was not entirely perfect, this would not necessarily constitute reversible error, unless it further appears that the jury were misled thereby. For 'courts of error do not sit to decide moot questions, but to redress real grievances. It is therefore a rule of nearly all the courts that no judgment will be reversed on account of the giving of erroneous instructions, unless it appear probable that the jury were misled by them.' Thomp. Trials, § 2401." McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261.

Appellant has pointed out no way in which he could possibly have been prejudiced by the instruction; and in view of the testimony received upon the trial, we are satisfied that he was not prejudiced thereby, but that the instruction, if erroneous, was rather error in favor of the defendant than against him.

(3) Appellant also asserts that the instructions to the jury were defective because the court did not "properly define the action of conversion," and fully explain the conditions governing defendant's liability. A sufficient answer to this contention is that defendant made no request for such instruction. "Where an instruction is correct as far as it goes, error cannot be assigned on the ground that it was not sufficiently full or explicit, unless request is made for more specific and comprehensive instruction." See McGregor v. Great Northern R. Co. supra, and authorities therein cited.

(4) Error is also predicated upon the trial court's ruling in sustaining objections to certain questions propounded by defendant's counsel to the witness, Mills. The record discloses, however, that Mills elsewhere in his testimony testified fully upon the matters referred to in such questions. Hence, the rulings were not prejudicial. See 38 Cyc. 1460, 1462.

We find no error justifying a reversal of the judgment appealed from, and the same is affirmed.